WESTERN DIST.
*October*, 1840.

FLORES
*vs.*
LEMEE, ADMINI-
STRATOR, &c.
A show of de-
fence will not,
alone, protect
the appellant
from damages as
for a frivolous
appeal.

---

### FLORES *vs.* LEMEE, ADMINISTRATOR, &c.

**APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF NATCHITOCHES.**

A marriage contract passed before a justice of the peace is null; and any gifts or donations made in it are null and void.

A donation *propter nuptias* makes no part of the wife's dowry, and she has no mortgage for its restitution.

Every donation *inter vivos* between husband and wife, by marriage contract or other matrimonial agreement, is subject to the general laws prescribed for ordinary donations, and especially in *article* 1523 and following, of the *Louisiana Code*, under the penalty of nullity.

This is an action by the surviving wife, against the administrator of her deceased husband's estate, to recover the sum of two thousand five hundred dollars, the amount of a donation *propter nuptias*, made in their marriage contract, passed before a justice of the peace, the 21st November, 1836. She alleges, she has a right to take out of any part of the succession of her deceased husband this sum, which she demands from the administrator. A copy of the marriage contract is annexed, and judgment prayed thereon for the sum claimed.

The defendant pleaded a general denial. The only evidence offered was the marriage contract, executed before a justice of the peace, in which the husband gives to his intended spouse, the sum of two thousand five hundred

Western Dist.
October, 1840.

FLORUS
*vs.*
LEMEE, ADMINI-
STRATOR, &C.

dollars, in prospect of the marriage then about to be solemnized, which he declares *he has delivered.*

There was judgment for the defendant, and the plaintiff appealed.

*Rothrock,* for the appellant, contended, that admitting the act of donation is null for a vice or defect of form, it may still be good to establish, (as the act declares, the sum of money was really delivered by the donor to the donee,) that it formed her *dotal property ;* and that the husband had the administration of the property and that it might be reclaimed as asked for.

*Sherburne,* contra.

No mortgage exists in the wife's favor on account of a donation *propter nuptias,* made by the husband.

2. The wife's mortgage on her husband's property, only exists for the restitution of her dotal and paraphernal property.

3. A donation *propter nuptias,* by the husband to the wife, makes no part of the wife's dowry. *Louisiana Code,* 2318.

4. The defendant is administrator of Ruey's succession, and is the representative of its creditors. No allegation or proof has been made that the succession is solvent, and the wife is entitled to no preference over creditors.

5. A donation, not made before a notary and two witnesses is null. *Idem., article* 523, 1525. 8 *Martin, N. S.,* 127.

6 Every donation *inter vivos,* though made by marriage contract to the husband or wife, is subject to the general rules as to the from of donations. *Idem.,* 1727, 1737.

The donation was made before a justice of the peace, and is therefore void. Justices of the peace, can only celebrate marriages, and are not the proper officers to authenticate matrimonial agreements.

*Simon, J.,* delivered the opinion of the court.

This suit is brought by a widow, who sues the administrator of the estate of her husband, for the recovery of two thousand five hundred dollars, which, she alleges, is the

amount of a donation *propter nuptias* made her by her husband in the contract of marriage ; and which sum is by said contract to be taken, at the dissolution of the community, out of the best and most available property of the succession. She prays for the payment of the said sum, and claims the benefit of a privilege and lien on the property of the succession, or if she cannot obtain this, that she be paid as an ordinary creditor. The lower court disallowed her pretensions, and she appealed.

The marriage took place in 1836, and the contract was passed before a justice of the peace ; it is, therefore, not valid as a marriage contract. *Louisiana Code, article* 2308. Had the contract of marriage been a valid one, it is clear that a donation *propter nuptias*, by the husband to the wife, makes no part of the wife's dowry. *Idem., article* 2318 ; and as the wife's mortgage on her husband's property, exists only for the restitution of her dotal and paraphernal effects, plaintiff would not be entitled to claim the right of privilege and lien on the property of the succession, as she prayed for in her petition. But the act of donation, in this case, was made before a justice of the peace, and is, consequently, not better than of it had been made by an act under private signature, and the gift is void, if not made before a notary public and two witnesses. *Idem., articles* 1523, 1525. 8 *Martin, N. S.,* 126. It was not a manual gift accompanied by the payment of the money, since the amount thereof was to be paid after the dissolution of the community ; and *it is a well established* rule that every donation *inter vivos*, though made by marriage contract to the husband or wife, or made between married persons by matrimonial agreement, is subject to the general rules prescribed for ordinary donations. *Idem., articles* 1727, 1737. Our laws are imperative on this subject, and a donation cannot validly be made in any other form but that pointed out by *articles* 1523 *et seq.*, under the penalty of nullity. We are of opinion the judge *a quo* did not err in rejecting plaintiff's claim.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.

A marriage contract passed before a justice of the peace, is null; and any gifts or donations made in it, are null and void.

A donation *propter nuptias* makes no part of the wife's dowry, and she has no mortgage for its restitution.

Every donation *inter vivos* between husband and wife, by marriage contract or other matrimonial agreement, is subject to the general laws prescribed for ordinary donations, and especially in *article* 1523 and following of the *Louisiana Code*, under the penalty of nullity.