CHARLOTTE BRITTAIN *v.* ROBERT W. RICHARDSON, Curator.

An instrument, the real object of which was a disposition *mortis causa*, if executed without the formalities required by law to give it validity as such, can have no effect. All donations *inter vivos* must be passed before a notary and two witnesses.

Where donations *mortis causa* or *inter vivos*, are clothed with the formalities required by law to give them validity, the forced heirs alone can sue for their reduction, in case they exceed the disposable portion ; but when void for the want of such formalities, the legitimate heirs or other representatives of the estate, as well as the forced heirs, may sue to annul them.

APPEAL from the Court of Probates of Ouachita, *Lamy*, J.

MORPHY, J. The plaintiff seeks to recover from the succession of Felix Matthes $4000, the amount of a promissory note of the deceased, made to her order, bearing date the 1st of March last, and payable on the 1st of February next. The curator of the estate pleads the general issue, and avers that the note sued

on, if ever executed by the deceased, is a feigned donation, made for the purpose of giving the plaintiff all the property of the deceased without any consideration whatsoever, and is therefore null and void. The attorney for the absent heirs intervened, and after setting up some matters of defence much to the same effect, propounded interrogatories to the plaintiff, inquiring into the consideration of the note sued on, and as to the means of which her late husband, William Brittain, died possessed. There was a judgment below rejecting the petitioner's claim, from which she has appealed.

The execution of the note is proved by a witness who drew it up and attested it, but it does not appear to us that the plaintiff has succeeded in showing that a valuable consideration was given for it. She says, in her answers to the interrogatories, that the note was given to her in consideration of the kind treatment which the deceased had received from herself and her late husband, and for money sent to him by the latter, in the State of Mississippi, some time in the year 1825 ; but that she does not know the amount lent, nor in what money it was given. She states that her husband died in the latter part of January, 1842, and did not leave more than about $700.

Joseph Hedge, the subscribing witness to the note, testifies that when it was signed by Matthes, he was sick at the plaintiff's house, but in sound mind ; that he said, that if he did not get relief, he would certainly die, and, as he signed the note, remarked that it would be nothing but plaintiff's just due ; that about two months before that time Matthes declared, at his (witness') house, that some years ago his uncle Brittain gave him $250, with a horse, saddle and bridle, to enable him to go to Red River or Texas, and get into some business that would be of advantage to him, and that his uncle had frequently assisted him, as he had always been a spendthrift and a good customer to coffee houses ; that he knows of no other consideration received for the note than the $250, and the horse, saddle and bridle, except that Brittain furnished Matthes with some provisions which he brought from New Orleans, and that the deceased lived at Brittain's house, where he boarded, although he had a separate place. The record

shows that the property left by the deceased amounted to
$1292 25, and that he had a sister married to one McAllister.

  *Copley*, for the plaintiff. The evidence shows that there was a
sufficient consideration for the note. The court must presume
in this, as in all other contracts, that there was a sufficient consi-
ration. He who alleges the contrary, must prove it. 8 Mart. 181.
8 Ib. N. S. 295. 4 La. 220. 5 Ib. 78. A donation under the
form of an onerous contract is not void. 2 La. 215. The forced
heirs, alone, can sue for the reduction of a donation exceeding
the disposable portion, (Civ. Code, arts. 1491, 2418,) or to an-
nul a disguised donation; and the *onus probandi* is on them.
The record shows that Matthes had no forced heirs.

  *Richardson*, *pro se*. The instrument is void, as a note, for
want of consideration (Civ. Code, arts. 1887, 1888. 3 La. 435);
or as a donation *inter vivos* or *mortis causa*, for want of the forms
prescribed by law. Civ. Code, arts. 1523–5, 1563. All dona-
tions must be made by public act. Ib. art. 1623.

  MORPHY, J. The testimony does not, in our opinion, show a
valuable consideration in the legal sense of the term. It dis-
closes rather the motives which led the deceased to execute, in fa-
vor of the plaintiff, this note, which was clearly intended to cover a
donation to her. Admitting that the small sum, which was either
lent or given in 1825 to the deceased, created such a natural
or moral obligation as could form a sufficient consideration for a
note of an amount about equal, it is obvious that the enormous
overplus for which he bound his estate was a donation which he
wished to make in her favor in consideration of the kind treatment
and frequent assistance he had received from her husband,
at whose house he was then sick, and impressed with the belief
of his approaching dissolution. We are confirmed in this convic-
tion, from the circumstance that on the trial below the plaintiff was
ruled to produce, and did produce in court a paper purporting to
be the last will of the deceased which she had in her possession,
and in which she was appointed his universal legatee. Some
time before the institution of the present action, this paper had
been sent by the plaintiff to the executor of her deceased husband,
and presented to the probate judge, but being found altogether

informal, it was not admitted to probate. Considering the instrument sued on as one having for its object a disposition *causa mortis*, and as having, as such, none of the forms prescribed by law, it can have, in our opinion, no legal effect or validity, and no recovery can be had on it. Civ. Code, arts. 1453, 1455, 1563. 17 La. 144. But it is said that a donation, under the form of an oncrous contract, is not void, and the case of *Trahan* v. *McMannus et al.*, reported in 2 La. 215, is relied on. Without inquiring how far the principle laid down in that decision can be supported under the provisions of the present Civil Code, which differ on this subject from those of the old Code, it is sufficient to say that the instrument sued on is under private signature, when our law requires that all donations *inter vivos* shall be passed before a notary and two witnesses. Civ. Code, arts. 1523, 1525. But we have already said that, under the evidence and circumstances of this case, we cannot view this note in any other light than as a donation *mortis causa*. When donations *mortis causa*, or *inter vivos*, are clothed with all the forms required by law to give them validity, none but forced heirs can sue for their reduction, if they exceed the disposable portion; but it is otherwise, when they are null and void for the want of such formalities; the legitimate heirs of the deceased or other representatives of the estate having, as well as the forced heirs, an action to have them annulled.

It is, therefore, ordered that the judgment of the Court of Probates be affirmed with costs; reserving, however, to the plaintiff any claims she may have against the estate of the late Felix Matthes.