No. 1877.—D. J. FARRAR et al. v. J. B. MICHOUD.

A donation *inter vivos* is null if it has not been passed before a notary public and two witnesses. C. C. 1523.

In an action to enforce payment of a donation, given in the form of a written document, as in this case, in the handwriting of the donee, not in the form required to give it validity as a donation *inter vivos*, and the donee, as a witness on the trial, is unable to show any consideration for the donation, or to explain how he came in possession of it, which was not until five years after the death of the donor. Held—That the donee could not recover on the instrument as a donation *inter vivos*, because the forms of law had not been observed in making or accepting it; that it was not good as an ordinary obligation or promise to pay money, because there was no consideration shown; that the donee, having testified in his own behalf, and not showing any consideration for the instrument, the conclusion followed that there was no valuable consideration.

APPEAL from Fourth District Court of New Orleans. *Théard*, J. *J. Ad. Rozier* and *Soulé & Charvet*, for plaintiffs and appellants. *T. W. Collens* and *E. C. Guillet*, for defendant and appellee.

WYLY, J. The plaintiffs have appealed from the judgment dismissing their demand against the defendant, based on the following instrument:

"NEW ORLEANS, June 1, 1862.

" Good for ten thousand dollars, payable five years after my death. One thousand dollars to D. J. Farrar; one thousand dollars to Leopold Guichard; three thousand dollars to my good friend, Joseph Girod; two thousand dollars to Camille Guillet; two thousand dollars to Nelville Soulé, and one thousand dollars to the French Society.

"Your servant and friend,

"ANT. MICHOUD."

This instrument was addressed to "Mr. Joseph Girod," or at least, that name is superscribed in apparently the same handwriting.

The petitioners allege that said Antoine Michoud died on the twenty-second of July, 1862, leaving a last will and testament, in which the defendant was instituted his universal legatee, and, as such, accepted the succession unconditionally. They pray for judgment against him for the amounts due them respectively, as mentioned in said instrument.

The defense is, that the instrument sued on is not genuine; if genuine, it is not an onerous contract, but an olographic will.

From the view we have taken of the case, it will not be necessary to pass on the genuineness of the instrument, concerning which the evidence is conflicting and unsatisfactory. We can not regard the instrument as a commutative contract, the evidence failing to disclose any consideration whatever therefor, and it not being in the form of a negotiable promissory note, which, for commercial reasons, is presumed to have a valuable consideration. Parsons on Bills, 175. Indeed, there is also lacking the consent of the parties, or the *aggregatio mentium*, as it appears that the instrument was never delivered during the life of the said Antoine Michoud, it having come into the hands of the plaintiffs, mysteriously, five years after his death.

One of the plaintiffs, Joseph Girod, to whom the document was addressed, was called as a witness to explain how he came in possession thereof. He says: "I happened to be at the French Consulate in New Orleans, during the epidemic of 1867. * * * At one of these interviews, Mr. Trabue presented me the letter, * * * in which was contained the document sued on. I read the same and communicated the contents to Mr. Trabue and to Mr. Duquesnay. I can't tell who sent me the document, because the person who addressed the envelope did not send his name. The envelope contained only the document, and nothing else. * * * I had never seen or possessed the document before then. I don't know that Mr. Guillet had any knowledge of that document before then. I can't say that any of the plaintiffs had any before then. If Mr. Michoud left that sum to me, it is because he had some good reason to do it, inasmuch as he had had enough to do with me, and was well aware that he should do it."

When the plaintiffs testify in their case, and are unable to state any consideration for the instrument sued on, we think it fair to conclude that there was no valuable consideration. The mysterious manner in which the plaintiffs received the instrument five years after Michoud's death, leads us to believe that it remained in his possession at the time of his death, never having been delivered to those who now claim its rightful possession.

The instrument is not good as a donation *inter vivos*, because it has

not the form essential for solemn acts of that character; and also it was not accepted by the donees prior to the death of the donor. C. C. 1453, 1523, 1527; 3 R. 80; 17 La. 144. The plaintiffs, however, contend that the act is not void as a donation, because it is clothed in the form of an onerous contract, and they refer us to the decision of Wolf *v.* Wolf, 12 An. 529, where it was held that a formal act of sale made to secure certain advances, although not good as a sale, for want of a price, was good as a pledge.

We think this authority does not apply to the case, the instrument sued on not being a formal act of sale, nor an ordinary act of any kind evidencing the consent of the parties to an onerous contract.

It is therefore ordered that the judgment appealed from be affirmed, with costs.

Rehearing refused.