The opinion of the court was delivered by
Manning, C. J.
On. the 5th. of June 1869 Elisée Thibodeaux donated to Adolphe Comeau and wife, by notarial act, two small tracts of land, And the improvements upon them, appraised in the Act at twenty-three hundred and twenty dollars, and an inconsiderable quantity of movables, valued at two hundred and sixty-five dollars. He had no other property.
At the conclusion of the Act, the “ donees bind, and obligate themselves to keep in their own house, respect and treat the donor during his lifetime, with the affection and care' clue a father by good children.”
*1120 The donor was aged and without wife or legitimate children. Some of his brothers and sisters, and the descendants of other deceased brothers and sisters, were then, and are now living.
In October 1871 he brought this suit to annul and revoke this donation, alleging that Comeau “had been guilty towards him of cruel treatment, and grievous injuries of every description,” and that both donees had “ the ill-disguised intention to retain the property donated to them, and to disregard the principal condition of the donation, inasmuch as they have acted, and continue to act towards him in such a way as to render their living together insupportable.”
Pending this action, Thibodeaux died, leaving a will which'is not in the record, and we can not therefore know whether the testator disposed, or pretended to dispose, of the real estate previously donated, nor whether he gave to his executor seizin of his property. That executor did not qualify, and upon the appointment of a dative executor, this suit was revived in his name.
Thereupon the defendants excepted, that this action could not be prosecuted by an executor — that the action is personal to the donor, or to his heirs, who alone can stand in judgment therein after his death.
The defendants did not require a decision upon their exception, but proceeded to trial on the merits. The case went off however on the exception, which was finally sustained by the court. The plaintiff, executor, now insists that the exception must be considered as waived by the defendants’ failure to require the court to rule upon it before passing, to the merits. The authorities cited do not sustain that position, nor do we think reason justifies it. The exception is not to the capacity of the executor — not that he is not executor — but that, being executor, he has not authority to prosecute this suit. It would certainly have been more regular, and would have saved time which was uselessly wasted in a trial upon the merits, had the court have rendered on the threshold of the trial the judgment which finally became the subject of this appeal. But the defendants are nevertheless entitled to the benefit of the exception.
In Hart v. Boni, 6 La. 98, the question was, whether the executors of a will can maintain an action to annul a donation inter vivos, made by the testator, and the court say, where seizin is given to the executors by the will, they are authorized to bring an action to recover the possession of any property which may have belonged to the testator at his death. If the claim set up be one, which involves the rights of the heirs or legatees, they should, if present, be made parties to the suit, and if absent, their representatives should be brought in. It is also there said, that in countries having laws similar to ours, it has been held, that although executors can not alone maintain an action in relation *1121 to the rights of heirs, they may do so in conjunction with those who are interested in that capacity.
In a later case, Brittain v. Richardson, 3 Rob. 78, it was said, when donations mortis causa or inter vivos are clothed with all the forms required by law to give them validity, none but forced heirs can sue for their reduction, if they exceed the disposable portion ; but it is otherwise, when they are null for want of such formalities, the legitimate heirs of the deceased, or other representatives of the estate having, as well as the forced heirs, an action to have them annulled.
In the present case there is no question of the nullity of the donation for want of any formality, nor of any excess in the donation of the disposable portion, since there are no forced heirs. Neither is the executor’s right to maintain this action fortified by his seizin of the property, since in the present instance the executor is not testamentary, but dative.
Marcada, treating specially of the action of revocation for cause of ingratitude, says, the second' paragraph of art. 957 of the Napoleon Code declares expressly, que la revocation ne peut étre demandóe ni contre les héritiers du donataire, ni par les héritiers du donateurs ; l’action est toute personelle, activement et passivement, et doit étre intentée par le donateur lui-méme contre la personne méme du donataire. Mais la loi apporte une exception a ce principe quant aux héritiers du donateur; elle leur permet de continuer Taction quand elle a été intentée par leur auteur. Exp. du Code Nap. vol. 3, p. 581.
There is no intimation that the action can be maintained by any one but the heir. It is true the cause of revocation in this ease is not ingratitude, but the alleged non-fulfillment of the sole condition upon which the donation was made — the condition being, that the donees should keep the donor in their own house, and treat him through life with the affection of children, and the alleged violation being, that their conduct towards him rendered living with them insupportable.
The present action in revocation is assimilated to that for the enforcement of the resolutory condition in a sale. The property donated is almost exclusively real estate, or that kind of property in which the heir is peculiarly interested, and of which he is the inheritor. No creditor is interested. There are none. Non constat but the heirs of an irascible old man would recognize in the kindly attentions of the donees, of which the record bears witness, the evidence of a desire to fulfill the condition, imposed upon or assumed by them, and their determination to do it as far as the impetuosity of his blind anger will permit them.
We think the heirs are necessary parties to an action of revocation of a donation of this kind, and for the causes set up here.
The judge of.the first instance so held, but he went further, and gave an absolute judgment, quieting the defendants forever in their pos *1122 session and title. This is error. The exception was properly sustained, but the defendants are not entitled to a final judgment, nor should the suit be dismissed, but the parties should be remitted .to the condition they were in when the donor died. The suit should stand as it then was on the docket, until the heirs become parties either alone, or with the executor. Therefore
It is ordered, and decreed that the judgment of the lower court, in so far as it sustains the exception of want of proper parties, is affirmed, and as to tho other part thereof is reserved, and the caséis remanded for farther procee lings, the appellees to pay the costs of appeal.
Mr. Justice DeBlano recuses himself in this cause, having been of counsel.