No. 13,390.

MRS. DIANA SPANIER VS. MRS. ROSA DEVOE ET AL.

SYLLABUS.

1. The execution of an act of donation made under private signature, and the subsequent certificate of a commissioner for Louisiana, made in another State, and executed in accordance with the common law form, is not an act of donation such as is prescribed for a valid donation.

The act with the certificate appended was only an act under private signature.

2. A donation not made in authentic form is invalid and null. It should be made before a notary and two witnesses.

3. The amount of five dollars mentioned in the deed as a consideration is not sufficiently large for it to be considered as a serious price.

4. When the tax payer deposits with the sheriff, after proper tender, the amount of the taxes, penalty, and costs, for which his property was sold, within the time allowed within which to redeem, he is entitled to a cancellation of the tax deed.

APPEAL from the First Judicial District, Parish of Caddo. *Land, J.*

*Henry M. Furman* for Plaintiff, Appellee.

*Wise & Herndon* for Defendants, Appellants.

The opinion of the court was delivered by

BREAUX, J. This action was brought by plaintiff for the purpose of annulling an act of conveyance of immovable property in Shreveport, and also for the purpose of setting aside a tax sale recently made and subject to redemption.

Plaintiff avers that defendant claimed to have acquired the property by deed dated May 20th, 1880; and plaintiff further avers, as grounds to set aside this deed, that it is entirely without consideration and that it was not passed before a notary and two witnesses. The deed assailed was signed by the parties in the presence of three witnesses, but not before a notary public, as made evident by a copy which we here insert (leaving out the description of the property). "This deed made this 20th day of May, 1880, by Mrs. Diana Spanier, of the city of Baltimore, witnesseth: That the said Diana Spanier in consideration of love and affection, and of five dollars, the receipt of which is hereby acknowledged, doth sell, grant, convey, and assign to Mrs. Rosa E. DeVoe, wife of William R. DeVoe, of Shreveport, Louisiana, all that lot (here follows the description).

"To have and to hold said property, and to the use of the said Rosa E. DeVoe absolutely free and clear of any and all claim, right, debt, or liability of her present or any future husband, with full power to her to deal with said property as her sole and separate property in any way she may see fit.

Spanier vs. DeVoe et al.

"In witness whereof I hereunto subscribe my name and attach my seal on the day and year aforesaid.

(Signed) "DIANA SPANIER,<br>"ROSA E. DEVOE.<br>"WILLIAM R. DEVOE.

"Signed, sealed, and delivered in the presence of

(Signed) "RICHARD M. VENABLE,<br>"W. J. B. HILL,<br>"PH. H. HOFFMAN."

The day that the deed under private signature was signed, a commissioner from Louisiana certified that Diana Spanier appeared before him and acknowledged the instrument as her act and deed. The following is a copy of the acknowledgment:

"On this 20th day of May, A. D. 1880, before me, Ph. H. Hoffman, commissioner for Louisiana and Maryland, personally appeared Diana Spanier and acknowledged the following instrument to be her act and deed. Witness my hand and official seal the day and year aforesaid.

(Signed) "PH. H. HOFFMAN,

"Commissioner for Louisiana and Maryland, located in Baltimore."

During the progress of the trial, at defendant's instance, the testimony of Richard M. Venables and Ph. H. Hoffman, taken under commission, was admitted in evidence. The testimony of these witnesses, given at some length, proved the facts attending the confection of the deed. Their evidence was objected to in due time and a bill of exceptions was reserved to their admissibility.

With reference to the tax-deed whereby the title to the property passed from Mrs. DeVoe, the nominal owner, to Mrs. Schulsinger, adjudicatee at tax-sale, the evidence shows that the time in which to redeem had not elapsed and that the price was tendered by plaintiff to the sheriff and the amount deposited with him.

The judge of the District Court held that the acknowledgment before the commissioner was not an authentic act, as it was not acknowledged in the presence of witnesses and a notary or commissioner.

Relative to the plea of prescription, the court held that it would not consider it, as it was not adverted to by defendant in argument. Relative to the tax sale, the court held that the deposit with the sheriff operated a redemption of the property, citing Act 170 of 1898. The court decreed that the donation in question is null and void, and

adjudged plaintiff owner of the property sued for, and directed that a writ of possession issue, and condemned the defendant to pay rent at the rate of twenty dollars per month from judicial demand. Defendant appealed.

### PLAINTIFF'S BILL OF EXCEPTION.

Although the evidence was admitted by the District Court, the conclusion arrived at by it shows that it was not given any effect. The decision was entirely limited to the invalidity of the document pleaded by the defendant as an act of donation. The object of the testimony was to show that the deed was not a private act, but an authentic one. The authenticity of the deed should have been made to appear on the face of the instrument and no evidence was admissible to cure the deficiency in this respect. It should not have been admitted, as a proposition of law. In this case, as it was not given any effect, it was as if it had not been admitted.

### ON THE MERITS.

It has been repeatedly held that an authentic act is the only form whereby a donation can be made. In order to bring the act within the effect of the rule, the contention of the defendant is that the instrument shows that it was signed by the parties and two witnesses in the presence of the commissioner. Unfortunately for the defendant, the commissioner's signature to the instrument is not his official signature, but his private one, which can have no more effect, signed as it is, than that of any other private signature. The instrument is a complete document as an act *sous seing prive*. The private signature of the public officer does not in the least change its character. The donor made the donation in this private instrument. The certificate of the commissioner adds no weight to it as a donation. It only proves that, prior to issuing it, the donor declared to him as a commissioner that the private deed was her own act of donation. This declaration contained in a private deed and the certificate that it had been made, do not have the effect of investing the deed with authenticity. In point of dignity, the certificate is not to be considered higher than the private act it certifies. The bed of the stream does not rise higher than its source. *Unde nil magis generator ipse.*

In Leibe vs. Hebersmith, 39th Ann., 1050, the court said that commissioners are, by express provision of the law, vested with all the

powers of justices of the peace and notaries, and that, as in case of an acknowledgment before a notary, and acknowledgment before them as commissioners had no authenticity in this State (unless executed in the presence of two competent witnesses), citing C. C., 2234; and the Revised Statutes 596 *et seq.* A similar view was taken of an acknowledgment before an officer in the case of Seymour vs. Cooley, 3 N. S., 396. In Delogny vs. Smith, 3rd La., 418, the court said that a private act acquires no authenticity from the fact of its being acknowledged before a parish judge.

We pass to the question of the consideration for the execution of the deed. The amount, claimed by the defendant as the price, being only five dollars, we do not think was intended as serious, and for that reason we must hold that no value has been given. The love and affection of the mother for the daughter, as stated in the deed, was doubtless the moving cause, actuating the mother to donate the property. The five dollars was a mere incident amounting to nothing as compared with the value of the property. Article 2464 of the Civil Code sets out "that the price should not be out of all proportion with " the value of the thing; that the sale of a plantation for a dollar could " not be considered as a fair sale, but as a donation disguised." " Pothier says that a price which is out of all proportion with the value " of the thing sold invalidates the sale, and that such a contract is a " donation improperly called a sale." Pothier, *Contrat de Vente,* XIX, approvingly cited in D'Orgenoy vs. Drox, 13 La., 382. Under these authorities, the instrument in question must be considered as a donation and not a sale. Having arrived at the conclusion that the act was a donation, it only remains for us to consult the decisions interpreting the article of the Code, cited *supra,* regarding the necessity of passing an act of donation before a notary or commissioner and two witnesses. In all the decisions of this court (there are a number of them) it is held that, in order that an act of donation absolutely gratuitous, may be considered valid as such, the forms of law prescribed must be complied with. Form is of the essence, and the instrument containing an intended donation is always considered null unless it was made in due form. Brittain vs. Richardson, 3 Rob., 78; Farrer vs. Michoud, 22nd Ann., 358; Kirkpatrick vs. Finney & Byrnes, 30th Ann., 223; Maduel vs. Tuyes, 31st Ann., 483. The articles of the Louisiana Code being similar to those of the French Code on this subject, we think the decisions of the French courts and the views of their com-

mentators may be consulted to some advantage. A donation, it is held by the French courts, is a solemn act to accomplish which a notarial form is essential. In principle, all donations wanting in form are null. They can not be confirmed save in instances of no importance here. Code Civil Annoté, by Ed. Fuxier-Herman, Vol. 11, p. 549, Sec. 1. In Laurent, Vol. XII, Sec. 220, we find: "The form prescribed is essential to the validity of the donation and the writing *which does not make proof of itself is null.*" (Italics ours). This is precisely the case here. The instrument in question does not of itself make proof of donation. The learned commentator adds: "The law may be excessively rigid, but we must take it as it is, and interpret it in the same sense that it was anciently interpreted, to which the modern legislator has at times superadded.

"If we sought to moderate a rigidness which has no *raison d'etre* by disregarding the spirit of the law, our conclusion would be different from that indicated by the legislative will. It devolves upon the legislator to correct his legislation. The interpreter has no such right." Vol. XII, Sec. 223.

As relates to the prescription pleaded, but not argued, we do not understand that it is insisted upon and for that reason we pass it without comment. The question of rent has been properly passed upon in the decision appealed from. The question of the tax sale plays very little part in this suit. The time within which to redeem has not expired, and the amount sufficient to redeem the property adjudicated was properly tendered and deposited with the sheriff. That put an end to all claim under the tax deed and the property was, from that moment, subject to the right of the plaintiff.

For reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be and the same is hereby affirmed.