BREAUX, C. J.
Plaintiffs seek to obtain a judgment recognizing in them a right as owners of a certain tract of land measuring 50 acres.
They charge that Nicholas Lahaye in January, 1896, in bad faith took possession of these 50 acres of land.
They pray for judgment, and ask that he be ousted of his possession.
Defendant, before answering, prayed for oyer of plaintiff’s title. Plaintiffs, in answer to the prayer -for oyer, produced an act of donation made by Elizabeth W. Chevis to their father, Wm. S. Foote, and they also produced an act of donation made by Henry S. Foote and Mary Foote to plaintiff Robert Foote.
Defendant excepted to plaintiff’s action on the ground that he held under a title which plaintiff sought to attack collaterally, and that his only action was a direct one. This exception was heard in the district court and overruled. The judge of the district court rendered a judgment on the merits against plaintiffs. Henry Foote intervened in the suit and joined plaintiffs in their action. The demand on his intervention was rejected, as was plaintiffs’. An appeal was taken to the Court of Appeal, and on the appeal that court decided that the asserted donation “was more of a sale than a donation,” and that the justice of the peace in the state of Mississippi, in which state the act was executed, where donor and donee were stopping, did not know how to draw up an act of donation, and in consequence drew it up in the form of a sale. It contained some of the conditions of a sale.
*559 The asserted donation contains the following:
“In consideration of the natural love and affection she [donor] hears her brother, Wm. S. Foote, party of the second part, ana also m consideration of the sum of $10 to her in. hand paid, she bargains, sells, gives, grants and conveys/’
This act also contains the following clause:
“It is also understood and agreed upon that said Wm. S. Foote is to live upon and cultivate said land for the .space of two years from the first day of January next, provided he should live that long.”
The descriptive portion of the deed contains the following:
“Fifty acres of land, lying and being in the said parish of St. Landry, state of Louisiana, on the bank of Bayou Oourtableau, two miles below Barry’s Landing, being a part of my share of the Chevis estate in said parish.
On the other hand, as relates to defendant’s title, it appears that he bought the tract of land claimed by plaintiffs from Marie Louise Dubourdier on the 3d day of January, 1896, and that Dubourdier, vendor, bought from Hulse, who, in turn, bought this land at sheriff’s sale in December, 1896.
This small body of land was included in a larger tract. The larger tract and the small 50-acre tract were sold as one at public sale in 1892 in foreclosure proceedings against Gibson Ohevis, the son of the asserted donor.
It was all sold as property belonging to Gibson Ohevis, who had become owner of the larger tract after his mother had signed the private act of donation before mentioned.
Plaintiffs were away from the state at the date of this sale, but they were informed of the seizure and of the intended sale, and did not offer the least objection to the sale. They remained absolutely silent.
Foote, the asserted donor, died in the year 1875, and the evidence shows that, if ever he had possession of this land, it was exceedingly irregular, uncertain, and unknown in the neighborhood, and that, if he ever paid any taxes thereon, thero was scant evidence of it.
The first objection is that plaintiff cannot stand in judgment to set aside defendant’s title because he had not attacked the sheriff’s deed to which defendant traces his title. We are not certain that this deed was ever recorded. We therefore pass this objection without deciding the point raised, and take up the objection of defendant that the asserted donation was not in a legal form. This fact is conceded by all concerned. A donation of land sous seing prive, under the express provisions of our Oode, is always considered a nullity. While not disputing the fact that this private act of donation is a nullity, plaintiffs’ contention is that it had been ratified and confirmed by the donor, and that the donation had been subsequently accepted by the donee.
These attempts at ratification and confirmation were under private signature, or, at any rate, as objectionable as relates to form as was the first act of the asserted donation. There was never an express acceptance by the donee. As relates to ratification and confirmation, plaintiffs encounter the opposing article 2273 of the Civil Code, which lays down the principle that, in order that the asserted sale may be binding, the act must be executed again in legal form. There never has been any confirmative act.
A question very similar was considered in Spanier v. Devoe, 52 La. Ann. 581, 27 South. 174. The grounds therein decided are not favorable to plaintiffs’ claim.
We leave this ground of attack by plaintiffs, upon which they do not particularly insist. Their contention particularly is that by article 1541 they have acquired a right because the donation has been executed and the donor placed in corporeal possession of the land given, and that, although the donation may not have been accepted in express terms, it has full effect. We agree *560 ■with the learned counsel for plaintiffs to this extent. It would have had full effect as an acceptance if the donee had taken possession and remained in possession.
A legal act of donation may be considered accepted if the donor puts the donee into possession and he goes into corporeal possession. All the formalities for the validity of a donation are substantial, and when the article requires corporeal possession it certainly requires a physical, open, well-known, and uninterrupted possession.
The possession of the donee should consist of actual detention. Intention to possess as owner must appear. He must show that he exercised the jus possidendi. Possession gives rise to the presumption that the possessor is the owner.
“Corpus et animus” — the will to enjoy as owner and the fact of enjoyment.
If the donee went into possession, the fact was known to only one witness, and he apparently not very certain touching the acts of possession. To surveyors and others who have gone on the land not a vestige of possession was discovered. There was something said in evidence in an indefinite manner about a fence which inclosed a part of the place. If it was not an imaginary fence, nothing remained to indicate where it was. It appears that the donee constructed a small house on his sister’s land, the donor. Not on the land which plaintiffs claimed was donated to them. Possession of his sister’s land was not possession of the land on which something was said about his living for two years, as it appears by the clause in the private act we copied above. ' It was strange that he built a house on his sister’s land and not on the land it is alleged he bought, but of which he never took possession.
That ■ is not the possession intended. There was nothing continuous about it, nor was there the least indication to the community that claim was laid to that land by the ancestor of plaintiffs.
We have considered the act in question from a point of view of a donation. It has always been viewed in that light. It had never been considered as a sale before the question was raised for the first time before the Court of Appeal.
When it is produced against the defendant as a muniment of title to oust him, he has the right to allege that it is a donation. The testimony shows that it was a donation.
Plaintiffs, although they have strenuously insisted that it was a donation, subsequently leave that ground and earnestly insist that it was a sale; a change of front which, perhaps, might well be made if in reality it was a sale, instead of a donation.
We have seen that the Court of Appeal decided that it was an act of sale. We are not inclined to that view.
The amount of $10 inserted in the deed appears to us to have been a mere incident, signifying very little, if anything. There was an absolute donation without it. And the condition that the donee should reside on the land for two years, as stated in the statement of acts above, divested it of the condition of a sale. The donor retained dominion over the land to some extent at least.
It must be remembered that, when Gibson Chevis was sold out by the sheriff, the whole tract, including the 50 acres in question, passed without serious remonstrance. A third person is now actually in possession. He has made improvements thereon in good faith. We do not think that there is legal ground now for holding that the instrument should be considered as a sale, and that the owner of the land, with a chain of title unquestioned for more than nine years, should be ousted.
For these reasons, it is ordered, adjudged, and decreed that the judgment of the Court *561 of Appeal is avoided, annulled, and reversed. It is now ordered, adjudged, and decreed that the judgment of the district court he, and it is hereby, reinstated and made the judgment of this court and of the district court, and the judgment of this court is now remanded to the district court to execute the judgment originally rendered by the district court, which is reinstated as here decreed. And that the plaintiff in the district court, appellant in the Court of Appeal, pay costs of the three courts.