Godchaux, J., recused.

———o———

No. 6819.

## MRS. GEORGE MAITRE v. JOHN MAESTRI.

### Syllabus.

Where a motion and order of appeal leave no doubt as to who appeals, the appeal will not be dismissed.

When a party alleges a donation to himself, the burden of proof upon him, and he must make his claim certain; to make it probable is not enough.

Appeal from the Civil District Court, Parish of Orleans, No. 110,833, Division "C"; Honorable E. K. Skinner, Judge. Affirmed.

Charles Theard and Delvaille H. Theard, for plaintiff and appellee.

A. J. Rossi, for defendant and appellant.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

Petitioner alleges that on January 7, 1912, she loaned to the defendant herein, who was her son-in-law, $250.00, without requiring of him any written acknowledgment, and that he now refuses to return said amount.

For answer defendant denied the allegations of the petition.

With characteristic brevity, clearness, and force, the Judge of the District Court gave the following reasons for judgment:

> "Plaintiff sues for money loaned. The defendant sets up that the money in question was a donation. He admits having received the money, but does not substantiate by proper evidence that it was a gift.
> "Judgment for plaintiff as prayed for."

The defendant moved for a suspensive appeal.

On suggestion to dismiss appeal.

The appellee, in his brief in this Court, suggests that no order of appeal was granted in favor of the appellant, John Maestri, and that the "appeal cannot be considered by your Honors, and must, therefore, be dismissed."

All question as to the sufficiency of the manner and time in which and at which this alleged defect is brought to our attention is eliminated.

The sole question is whether the order grants "John Maestri" an appeal.

The motion and order are in the following words:

> "On motion of Anthony J. Rossi, attorney for defendant, and on suggesting to the Court, that judgment rendered in this cause is contrary to the law and evidence and that mover desires to appeal suspensively to the Court of Appeal, for the Parish of Orleans;

> "It is ordered by the Court that a suspensive appeal be granted returnable to the Court of Appeal on the 10th day of July, 1916, upon mover furnishing good and solvent security, according to law."

We think it sufficiently appears that the motion for an appeal was made by the defendant, John Maestri.

There is no doubt that an appeal was granted. There was no other defendant and no other person against whom judgment had been rendered, and therefore there could be no doubt that the appeal had been granted to no other person that the defendant, John Maestri. Plaintiff had not moved for an appeal, and as judgment had been rendered in her favor she had no right to appeal. Of course, it would have been more correct if defendant's order of appeal had stated in so many words that the appeal was granted to the defendant, John Maestri, *eo nomine*. But courts are forbidden by a sense of jsutice to deny the rights of an appellant on account of the inaccuracies of his counsel (40 *A.*, 609 (612)), or to defeat the appellant in his constitutional right of appeal (36 *A.*, 845).

109

> "An appeal will be dismissed only where appellee shows himself clearly entitled to that relief. In cases of doubt, the interpretation will be liberal in favor of appellant." 1 *H. D.*, 70; *No.* 8.

> "It may be fairly presumed that the parties against whom the judgment was rendered, and who gave the bond, were those who moved for the appeal." 11 *A.*, 626.

> "When the motion leaves no doubt as to who appeals, the appeal will not be dismissed." 107 *La.*, 242.

> "When the ground for dismissal is doubtful the appeal will be maintained." 19 *A.*, 81.

The case of *Ione Cecile Sammons v. N. O. Ry. & L't. Co.*, decided by the Supreme Court on October 16, 1916, and relied on by appellee we do not consider in point. In that case there were five plaintiffs, and five suits consolidated.

The motion for an appeal was made in the names of the five plaintiffs, but an appeal was granted only to one of the plaintiffs, *eo nomine*; no order of appeal was granted in favor of the other four (4) plaintiffs. The appeal was dismissed as to them. In that case it was held that there was no order of appeal in their favor; in this case we consider that there was an order in favor of the defendant. We therefore decline to dismiss his appeal.

## ON THE MERITS.

No one is presumed to give. The burden of proof was therefore upon the defendant to prove the donation claimed by him. It was incumbent upon him to make his claim certain; to make it probable was not enough. The rule is so well established that our Code classes donations among

110

solemn acts where the form is essential to their existence. 30 *A.*, 223; 34 *A.*, 458; 16 *La.*, 273; 8. *N. S.*, 126; *C. C.*, 1536 (1523), 1538 (1525). The only exceptions is the manual. Gift of corporeal movable effects accompanied by delivery. *C. C.*, 1539 (1526). But while no form is attached to the last mode of donation, the fact of donation must be clearly established.

The circumstances attending the transaction in this case are as follows:

The defendant had married the plaintiff's daughter on October 18th, 1911. A few weeks or months prior, he had purchased a piano of which he had made a present to his wife; she did not like the piano; after their marriage he went with her to Grunewald's Store to select another one; they selected a piano, for which the price was $650.00; Grunewald, however, agreed to take $250.00 in money and the piano they already had.

On January 7th, 1912, Mrs. Maitre, the plaintiff gave to the defendant a check, to her order, for a sum exceeding $250.00; the defendant collected this check, and with her consent kept $250.00, and returned the difference to her; he then gave his own check for $250.00 to Grunewald. Thus far there is no conflict of testimony. At this point, however, plaintiff and defendant disagree. The plaintiff contends that she loaned the $250.00 to the defendant, and he swears she donated it to him. This suit was filed December 28th, 1914. No demand had been made in the meantime for the return of the money; but a judgment of divorce had been rendered between defendant and his wife.

On the occasion of her daughter's marriage, the plaintiff had given the defendant $120.00 to buy the flowers, and had paid Marks Isaacs bill $200.00 and had made the de-

111

fendant a present of $1,000.00. She does not claim the return of these sums. It is evident she makes a difference as to the $250.00.

The defendant places much reliance in the silence of plaintiff from January 7th, 1912, to December 28th, 1914, a period of nearly three years, and argues that plaintiff would never have claimed the $250.00 had it not been for the divorce.

We are prepared to admit that if defendant had brought happiness to her daughter, a mother's kindness would possibly have kept her forever silent on the subject. But that fact alone cannot prove an original donation. The plaintiff denies it; defendant's testimony cannot outweigh hers, and there are not sufficient surrounding circumstances to corroborate him.

The Judge of the District Court did not think that defendant had established his defense; neither do we.

Judgment affirmed.

Opinion and decree, January 22nd, 1917.