(116 So. 667)

No. 28348.

## GABERT et al. v. ST. TAMMANY YACHT CLUB.

March 12, 1928. Rehearing Denied April 9, 1928.

Milner & Porteous and P. M. Milner, all of New Orleans, for appellant.

Lewis L. Morgan, of New Orleans, and J. M. Simmons, of Covington, for appellees.

O'NIELL, C. J. The defendant has appealed from a judgment annulling an act of conveyance made by the plaintiffs to the defendant of a lot of ground in Mandeville.

The deed was made in the form of a cash sale for $300, but it was intended to be— and was in fact—a donation of the land as a site for a clubhouse. One of the plaintiffs, Mrs. Augusta Gabert, a widow, residing in Mandeville, owned the lot jointly with her son and four daughters. The son lived in Birmingham, Ala.; one of the daughters lived

in Mandeville; two lived in New Orleans; and one in St. Charles parish. Mrs. Gabert's purpose in making the donation to the yacht club was to fulfill a wish which her husband had expressed; and the son and daughters also desired to carry out their father's wish. The lot was then worth approximately $1,000, and is now worth at least $3,600. Mrs. Gabert made known her intention to the commodore of the yacht club, and requested him to have an act of donation prepared for her and her son and daughters to sign. The commodore had the clerk of court to prepare the instrument, and he made it in the form of a typewritten cash deed, under private signature, followed by several blank acknowledgments, each to be signed before a notary public and two witnesses. There was no price stated in the deed, a blank line being left for the purpose; and the name of the transferee, as well as the address of each transferor, except that of Mrs. Gabert, was also left blank. In that condition the instrument was delivered by the commodore of the yacht club to Mrs. Gabert in December, 1923; and she, without signing or altering the document, sent it to her son, to be signed by him and forwarded to one of his sisters. He signed the document in Birmingham, on the 14th of December, 1923, and on the same day signed one of the acknowledgments in the presence of a notary public and two witnesses. The document was signed by one of the daughters, Mrs. Adelaide Gabert Peterson, and by her husband, in New Orleans, on the 11th of January, 1924, and the signing was acknowledged by them on the same day before a notary public and two witnesses. It was signed by one of the daughters, Miss Edna Elizabeth Gabert, on a date not shown, in the presence of two witnesses; but her signing of the act was never acknowledged by her before a notary public. It was signed by Mrs. Gabert and by two of her daughters, Mrs. Henrietta Gabert Bonnot and her husband, and Mrs. Eugenie Gabert Forschler and her husband, in St. Tammany parish, as of date the 27th of June, 1924. The signing of the instrument appears to have been acknowledged by Mrs. Gabert and by Mrs. Bonnot and her husband and Mrs. Forschler and her husband in the presence of a notary public and two witnesses; but the fact is that they did not sign or acknowledge the deed in the presence of a notary public or of any witness. Having been signed by Mrs. Gabert and her son and daughters, as we have stated, the document was returned by Mrs. Gabert to the commodore of the yacht club in the same condition in which it was, that is to say, with the same blank spaces which it had contained, when he gave it originally to Mrs. Gabert. The supposition is that he wrote into the document the supposed consideration, "three hundred ($300.00) dollars," and the name of the transferee, "Henry B. Pruden, Trustee for the St. Tammany Yacht Club, of Mandeville, La." A notary public then filled out and signed the several acknowledgments which had already been signed, respectively, by Mrs. Gabert and the two of her daughters and their husbands. The instrument was then delivered by the commodore to the secretary-treasurer of the yacht club, and he placed it on his desk, where it was lost in a space behind the typewriter, and remained lost and unrecorded until the 9th of November, 1925.

When the donors learned that the document which they had signed was not in the form of a donation but had been made to appear as a cash sale for $300, they became offended and brought this suit to annul the transfer. The suit was filed on the sixteenth day after the instrument was recorded. The plaintiffs aver that the instrument is null as a donation, for two reasons, viz.: First, because it was not actually signed or executed in the presence of a notary public and two witnesses; and, second, because it was not formally accepted by the donee.

■ Article 1536 of the Civil Code requires that a donation of immovable property, to be valid, must be made by an act passed before a notary public and two witnesses; hence a donation of real estate by an act under private signature is null. Jardela v. Abat, 8 Mart. (N. S.) 126; Flores v. Lemee, 16 La. 273; Brittain v. Richardson, 3 Rob. 78; Miller v. Andrus, 1 La. Ann. 237; Farrar v. Michoud, 22 La. Ann. 358; Lambert v. Penn Mutual Life Ins. Co., 50 La. Ann. 1036, 24 So. 16; In re Lahaye, 115 La. 1089, 40 So. 468.

■ The donation, in this instance, was not made by an act passed before a notary public and two witnesses. · It is true that two of the donors, August Gaston Gabert and Mrs. Adelaide Gabert Peterson, each signed in the presence of a notary public and two witnesses an acknowledgment that the instrument had been signed by them in the presence of the two witnesses; but whether such an acknowledgment had the same effect, as to those two donors, as if the instrument showed that it was actually signed in the presence of the notary public, is a matter of no importance, because the instrument was invalid as a donation for the further reason that it was not formally accepted by the donee, and the latter was never put into possession of the property. Articles 1540 and 1541 of the Civil Code declare that a donation inter vivos has no effect unless and until it is "accepted in precise terms" by the donee, by an authentic act, or unless the donee has been put into actual possession of the property donated.

■ It is well settled that, if an act of donation is defective in form, or lacks any of the requisites of articles 1536, 1540, and 1541 of the Civil Code, its invalidity is not saved by its being disguised in the form of a sale or other contract. Heirs of Cole v. Cole's Executors, 7 Mart. (N. S.) 414; Farrar v. Michoud, · 22 La. Ann. 358; Spanier v. DeVoe, 52 La. Ann. 585, 27 So. 174; Reinerth v. Rhody, 52 La. Ann. 2033, 28 So. 277. · · ·

■ The appellant, as we understand, does not insist or seriously contend that the instrument in contest is valid as a donation. The defense was and is that the parties intended and agreed to make a sale of the property for $300, cash, and that $297 of the amount was actually paid by the yacht club. It appears that the donee, or the trustee for the yacht club, was not satisfied with a title by donation, and therefore undertook to pay something in consideration for the transfer, without informing the donors of his intention so to do. He was a member of a committee of three citizens appointed to collect contributions for the graveling of a street in front of the lot in contest and the adjoining lots. Mrs. Gabert gave him her check for $100 as her contribution in March, 1924, and he returned it to her, saying that she had done enough already for Mandeville; and the yacht club then contributed its check for $100, dated March 13, 1924, for the graveling of the street. That was after the donation had been agreed upon but before the instrument was delivered by Mrs. Gabert to the commodore of the yacht club. Mrs. Gabert was never told and she had no idea that the return of her check for $100 contribution towards the graveling of the street was the price, or any part of the price of consideration, for which she had agreed to donate her lot to the yacht club. The committee of three was under obligation to collect contributions to the amount of $2,500 from the members of the yacht club, and had collected only about $1,800 when this suit was tried. The contribution of $100 by the yacht club towards the cost of graveling the street, in lieu of the check for $100 which was returned to Mrs. Gabert, was a mere pretense of paying her that amount as a part of the price of the pretended act of sale; and, as she had no intention or knowledge of receiving any such price or consideration, the payment did not have the effect of converting the act of dona-

tion into an act of sale. The appellant claims to have paid also $197 as the cost of moving the discharge pipe of a suction dredge so as to fill in behind the sea wall in front of the lot in contest and the adjoining lots, including another lot belonging to the Gaberts. The amount actually paid was $179.95, and it is quite certain that the payment was not made for account of Mrs Gabert. It was because of that payment and the contribution of $100 by the yacht club towards the graveling of the street that the commodore of the yacht club took the liberty of writing into the deed, after the donors had signed it, that it was made for and in consideration of the price of $300.

The defendant strenuously objected to the introduction of parol evidence to prove that the act of conveyance was intended to be a donation and not a sale. Ordinarily, of course, parol evidence is not admissible for such a purpose; but, under the plaintiffs' allegations of misrepresentation and error, and alteration of the instrument after it was signed and delivered, the parol evidence was admissible for the purpose of proving that there was no price or consideration paid for the property, and that the transaction was in fact a donation and not a sale. The donors could not be estopped by the donee's inserting in the instrument, after it was signed by the donors and without their knowledge, a statement that a certain price was paid for the property. The case is easily distinguished from Loranger v. Citizens' National Bank, 162 La. 1054, 111 So. 418. In that case, the party (the bank) against whom the parol evidence was offered to prove that a recorded instrument purporting to be a sale was in fact a donation was a third party and was held to have had a right to rely upon the public records. The present contest is between the original parties to the transaction in question.

The judgment is affirmed.