986 So.2d 809 (2008)
SUCCESSION OF John JONES, Sr.
Hurie Jones, Plaintiff-Appellee
v.
Melvin Jones, Defendant-Appellant.
Nos. 43,365-CA, 43,366-CA.
Court of Appeal of Louisiana, Second Circuit.
June 4, 2008.
Rehearing Denied August 7, 2008.
*810 John C. Campbell, David Rabb, Jr., Minden, for Appellants, Eddie Faye Jones Oliver, and Melvin Jones.
Burt A. Bowers, Shreveport, for Appellee, Hurie Jones.
Before BROWN, STEWART and LOLLEY, JJ.
LOLLEY, J.
Melvin Jones appeals the judgment of the Twenty-Sixth Judicial District, Parish of Bossier, State of Louisiana, which declared a donation null and void on the ground that there was an invalid acceptance. For the following reasons, we affirm.

FACTS
John Jones, Sr. and Mary Fuller Jones, husband and wife, had nine children. John Jones, Sr. was divorced from Mary Fuller Jones in 1962. In 2003, he was living alone on his 11 acres located in Bossier Parish, Louisiana. John Jones, Sr. died on August 19, 2006. These consolidated cases involve his succession. The limited issue on appeal involves an action filed by one son, Hurie Jones, to annul the donation inter vivos of the 11 acres made by John Jones, Sr., prior to his death, to another son, Melvin Jones, the appellant. The instrument, entitled "Donation Deed," was filed on October 21, 2003, under Instrument No. 789500. The trial court ruled that the Donation Deed was null and void because there was no formal acceptance. The trial court further ordered that the 11 acres be brought into the active mass of the succession. This appeal ensued.

LAW AND DISCUSSION
An appellate court may not set aside a trial court's finding of fact absent manifest error or unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La. 1989). The limited issue presented here is whether the trial court erred when finding that the Donation Deed was null and void. Melvin contends that the donation was valid. A donation inter vivos is an act by which the donor divests himself, at present and irrevocably, of the thing given, in favor of the donee who accepts it. La. C.C. art. 1468. The burden of proving the donation is on the donee, and the proof must be strong and convincing. Butler v. Reddick, 431 So.2d 396 (La.1983); Succession of Woolfolk, 225 La. 1, 71 So.2d 861 (1954). A donation inter vivos of corporeal or incorporeal things is null unless done in the form of an authentic act. La. C.C. art. 1536.
Louisiana Civ.Code art. 1540 states, in pertinent part:
A donation inter vivos shall be binding on the donor, and shall produce effect only from the day of its being accepted in precise terms. (Emphasis added.)
The Louisiana Supreme Court has explained that:
[T]he requirement that a donee accept the donation in "precise terms" obligates a donee to use express, formal, and unconditional language in his acceptance. This codal provision, we think, requires an explicit acceptance. A tacit acceptance or an acceptance inferred from the circumstances will not suffice.
Rutherford v. Rutherford, 346 So.2d 669, 671 (La. 1977) (Emphasis added).
*811 In the instant case, we look to the Donation Deed to determine whether the form meets the fundamental requirements set forth in art. 1540. Here, there is an attempt at a valid notarial act of donation; the Donation Deed, originally a form cash sale deed, was signed by the donor and donee in the presence of two witnesses and a notary. However, as the trial court noted, there is no formal acceptance of the donation. In Wood v. Martin, 2 So.2d 665 (La.App. 2d Cir.1941), a case analogous to the one at hand, a notarial cash deed on a regular stock form, signed by donor and donee in the presence of two witnesses and the notary, failed because of a lack of acceptance "in precise terms." Here, the Donation Deed must also fail because of a lack of acceptance.
Furthermore, while it is true Melvin Jones signed the document at issue, this is not enough. Although there are no ritual words required, there must be some explicit language to signify acceptance. A signature, alone, cannot be construed as an acceptance and cannot be inferred from the circumstances. See Rutherford, supra; see also Gabert v. St. Tammany Yacht Club, 166 La. 57, 116 So. 667 (1928).
Melvin argues that he should be given the opportunity to prove that he was put into corporeal possession in lieu of express acceptance. Louisiana C.C. art. 1541 states, "[y]et, if the donation has been executed, that is, if the donee has been put by the donor into corporeal possession of the effects given, the donation, though not accepted in express terms, has full effect." In the instant case, the record bears out that no testimony was taken to determine whether corporeal possession took place and there is no evidence to suggest that Melvin took possession of the land after John Jones, Sr.'s death. However, this is not dispositive. The Donation Deed specifically states, "John Jones, Sr. will have all rights and privileges pertaining to the above described property without any interferences and live on the above described property until his death." The record is clear that John Jones, Sr. lived on the property until his death. The argument that Melvin could corporeally possess the land is contrary to the language provided in the deed. Because the Donation Deed specifically states that there will be no interference with John Jones, Sr.'s rights and privileges pertaining to the property at issue, Melvin is estopped from asserting corporeal possession. Therefore, we do not find it necessary to remand on the issue of corporeal possession.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against Melvin Jones.
AFFIRMED.
BROWN, CHIEF JUDGE, dissenting.
I respectfully disagree with the majority's decision to sidestep the clear and unambiguous donative intent of John Jones, Sr., and instead rely on cases that are archaic and not analogous to find that the donation was invalid.[1]
*812 As the majority opinion states, a donation inter vivos must be accepted "in precise terms." But what precise terms are required? It is well-founded that no ritual words have to be used and that the term "accept" can be replaced with other terms. See Rutherford, supra, citing Planiol's interpretation of Article 932 of the Code Napoleon (1804) (Art. 1540). The majority opinion only mentions that the donation deed was signed by Melvin Jones; the opinion, however, fails to mention that the actual term "donee" was typed under the signature line and that Melvin Jones signed above that term, in the presence of two witnesses and a notary and contemporaneously with John Jones, Sr., who signed above the term "donor." Black's Law Dictionary 526 (8th ed. 2004) defines the word "donee" as "the recipient of a gift." (Emphasis added). Thus, by signing his name as the recipient of the donation, it is clearly evident that Melvin Jones accepted his father's gift.
BROWN, Chief Judge, dissents with written reasons.

APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, STEWART, MOORE and LOLLEY, JJ.
Rehearing denied.
BROWN, C.J., would grant rehearing.
NOTES
[1] In Wood, supra, the case that the majority refers to as analogous to the present case, the deed in question was a cash deed, not a donation deed, and the court considered the parties to be vendor and vendee, not donor and donee. Furthermore, the original argument of plaintiff was that there was a valid sale for consideration and only in the alternative did he argue that there was a donation inter vivos. Thus, there were no express terms accepting any donation in the deed, as it was intended to represent a sale. Lastly, it appears as if the court was hesitant to believe plaintiff's version of the facts, and thus ultimately, the vendor's true donative intent.