*172 CHEHARDY, J.,
dissents with reasons.
|,1 respectfully dissent. I believe the trial judge erred in sustaining the defendants’ exception of prescription because, in my opinion, the 1991 transfer of the Bles-sey Street property to Daniel and Anne Brennan was a simulated sale.
A contract is a simulation when, by mutual agreement, it does not express the true intent of the parties. La. C.C. art. 2025. When the parties enter into a contract, but intend for that contract to produce no effects between them, the contract is an absolute simulation and has no effects between them. La. C.C. art. 2026.
Where the parties intend that their contract shall produce effects, although different from those effects recited in their contract, the contract is a relative simulation. A relative simulation will produce the effects intended by the parties if all requirements for those effects have been satisfied. La. C.C. art. 2027.
It is a sham because the true intent of the parties is that no transfer take place, but rather that title remain in the purported vendor because no consideration whatsoever was paid. Successions of Webre, 247 La. 461, 172 So.2d 285 (1965); Pounds v. Yancy, La.App. 224 So.2d 1. The action in simulation is imprescriptible. Successions of Webre, supra.
| aHere, the testimony at trial revealed that Anne Brennan could not produce evidence that she and her husband had paid the corporation for the land. In fact, the land was “paid for” by money obtained through a loan, which the corporation repaid or is repaying.
Further, the transfer could not even be considered a valid donation. If the contract is a relative simulation, it will constitute a valid donation if all the requirements for a donation have been satisfied. The Civil Code requires inter vivos donations of immovable property to be made by authentic act, La. C.C. art. 1541; must contain a detailed description of the property given, La. C.C. art. 1542; and must be accepted by the donee in precise terms. La. C.C. art. 1544.
An explicit acceptance is required. La. C.C. art. 1544; In re Succession of Jones, 48,365, p. 2 (La.App. 2 Cir. 6/4/08); 986 So.2d 809, 810, writ denied, 08-2023 (La.12/12/08), 996 So.2d 1117. Although there are no ritual words required, there must be some explicit language to signify acceptance. A signature alone cannot be construed as an acceptance, and acceptance cannot be inferred from the circumstances. Id., 43,365 at p. 3, 986 So.2d at 811.
Even if Daniel, as mandatary for BHOP, could have donated BHOP’s property to himself and his wife, which is prohibited by La. C.C. art. 2998, the Act of Sale executed by Daniel Brennan is insufficient to constitute acceptance. As such, there was not even a valid donation of the property to Daniel. Because this transfer is clearly a simulation, which is imprescriptible, I believe that the trial judge erred in maintaining defendants’ exception of prescription. I would vacate that ruling and remand for further proceedings in this matter.