## No. 13,001.

## ESTATE OF THOMAS MORA, DECEASED; OPPOSITION OF FRANCIS NAVARRO.

### SYLLABUS.

The opponent raised the objection that the applicant for the administration had parted with all his interest as an heir and that he, in consequence (opponent), should be appointed.

HELD: The act of donation had not been accepted by the donee intended, in the manner required; that donations produce effect from acceptance in precise terms (C. C. 1540); that the donor not having been divested of his interest in the succession by an acceptance in due form was entitled to the appointment.

ON APPEAL from the Twenty-Fourth Judicial District Court for the parish of St. Mary.   A. C. Allen, J.

*Philip H. Mentz* for Administrator, Appellee.

*D. Caffery & Son* and *J. Sully Martel* for Opponent, Appellant.

Argued and submitted December 13, 1898.
Opinion handed down February 6, 1899.

The opinion of the court was delivered by

BREAUX, J.   This was a contest for the administration of the succession of Thomas Mora.

The administrator appointed in due time after the death of Thomas Mora, died some time after his appointment, but before his administration of the succession had been closed.

Francis Mora, a brother of Thomas Mora, applied for appointment in June, 1898.

Francis Navarro, nephew of the deceased, interposed an opposition to the appointment of Francis Mora as administrator on the ground that Francis Mora had renounced the succession of Thos. Mora, and had ceded all his rights as heir of Thomas Mora, in favor of and to his widow, Mrs. Thomas Mora.

The testimony shows that Francis Mora, petitioner for the administration of the succession of his late brother in the year 1896, signed a notarial act with a number of the other heirs of the late Thomas Mora; that Thomas Mora died intestate, without forced heirs.   The heirs named in the act as donors did not all sign, nor has the donee, Mrs. Francis Mora, widow of the deceased, to date.   The act sets forth, that the heirs, about eighteen in number, are the sole heirs of Thomas Mora and that by reason of their affection for his widow they give to her all their rights in the estate; that all the property is community property.   Francis Mora and only three other heirs signed. The others did not sign, although named in the act as donors.

Thomas Mora testified that he had ceded all his rights to the widow, but subsequently modified his testimony by stating that the act before

alluded to was the only abandonment of the estate he had signed, and that ne understood that when he signed it that all the heirs of his brother would also sign, that the heirs refused to sign.

This witness testified that Mrs. Thomas Mora verbally accepted the donation.

While it is true that he testified that she had accepted, he also testified on an examination that when he signed it was in the expectation that all the other heirs would also sign.

The attorney of Mrs. Francis Mora testified that he had advised her not to accept, unless every heir of Thomas Mora (fifteen or twenty in number) consented; "that any one heir, however remote his interest, might apply for the administration and the act of donation could only be useful to prevent an administration."

The estate was indebted in a large amount to the widow and to the children referred as the Egloff children, who were in some way under the protection of Thomas Mora.

The judge of the District Court rejected the opposition of Navarro and appointed Francis Mora administrator.

The opponent, Navarro, prosecutes this appeal.

A donation is binding only from the date of its acceptance in precise terms. Civil Code, Art. 1540.

Acceptance is an essential in order that the donation may have effect. There are exceptions to the rule which do not arise in the case before us.

The question before us for decision is within the terms of the article of the Civil Code quoted.

We have not found that it has been directly passed upon in any of the decisions of this court.

In Trahan vs. McManus, 2nd La., 209, the question was incidentally considered, and cannot be considered for that reason, an authority in support of the donation here.

The question of acceptance of a donation again arose in Lawrence vs. Police Jury, 35th Ann. 601.

There was an acceptance (in the case just cited) and the defendant went into possession of the property after it had, as we take it, in a manner formal enough, accepted the donation.

In the case before us for decision, the widow of Thos. Mora never accepted and the evidence discloses that she was advised not to formally accept the donation—an advice she chose to follow.

In the absence of direct authority here on the particular point, we consulted the views of French Commentators.

The article of the Code before cited is taken from 932 of the Code Napoleon and corresponds with it.

The court requires, says Laurent, Vol. 12, Sec. 224, an express acceptance.

In this the "legislator exceeded the limits even of solemnity in further exacting that the consent of the donee should be made manifest by express terms." *Ib.* But Article 932 is formal—"donation shall have effect only from date of its acceptance in precise terms." *Ib.* These were the words used to point out that without formal acceptance there was no donation.

It was announced in energetic terms that no effect should be given to the instrument, unless it is made manifest by the acceptance of the donee. The following is quoted from Merlin:

*"Comme l'acceptation ne forme qu'un seul et meme contrat avec la donation dont elle est une partie necessaire il faut par consequent quel soit aussi constante et aussi solemnelle que la donation meme."* Donation, Vol. 4, p. 94.

The foregoing is quoted only to the extent that it sustains our views here. We do not find it needful to approve in this case, involving as it does, the appointment of an administrator, all the bearing and scope the quotation may have.

If Mrs. Mora were to claim a right under the act it would not be of any avail before her acceptance in the manner required by the Code. As she could claim no right without acceptance, it follows that the title remains in Francis Mora.

It being in our view an inchoate donation not accepted and which could not have any effect before its acceptance, we would not be justified in giving it some other effect such as that; while it is not an act of donation; it is virtually a renunciation or an acceptance of the succession. Not a word in the act shows that it was the intention to accept or renounce the succession, but that it was the intention to make a donation. Being null, to date for non-acceptance by the one intended to be donee it must be considered in the language of the Code as having no effect at all.

With reference to estoppel, one of opponent's grounds. We can only say in answer—and we think it is decisive of the question—that Mrs. Thomas Mora would not be heard to urge that plea prior to any

acceptance on her part. If she could not claim the estoppel, third persons would not have any right to that plea.

For reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be affirmed.