FRUGÉ, Judge.
This is a tort action for invasion of privacy which arose when O. G. Collins, Jr., recorded a mineral lease containing in the lease’s caption the names of four persons not party to the lease.
The tract of land in question is owned in indivisión by nine co-owners. The defendant attempted to purchase an oil, gas and mineral lease from all nine co-owners of the tract. The names of all nine co-owners appear in the caption of the lease as lessors and again in the section of the lease stating the amount of consideration to be paid to each co-owner when the lease was executed. Only five of the co-owners signed the lease. The lease contains a counterpart clause providing that said lease shall be binding on any party signing, whether or not all owners named as lessors joined in the execution of the lease. Subsequent to the five co-owners signing the lease, defendant recorded the lease in Cameron Parish.
The Cameron Reporter, “a simplified business report of Cameron Parish, Louisiana,” published that the plaintiffs had leased their interests in this property to the defendant. This was mistakenly done when the abstracter from the Cameron Reporter looked to the names contained in the caption without further investigation to see what parties signed the lease.
Plaintiff contends that the defendant caused misleading information to be published, resulting in notice to other parties interested in leasing this land which would lead them to believe that all nine co-owners had leased this land and it was therefore not subject to being leased, thus causing an invasion of privacy to the four non-signing co-owners, for which the defendant should be liable.
The district judge, in a well reasoned and clearly written opinion, held that there was no genuine issue of material fact with respect to the alleged liability of O. G. Collins and so granted a summary judgment. Plaintiff appeals.
After a careful review of the record in this case, we find ourselves in agreement with the reasons for judgment prepared by the trial judge, which we quote in part as follows:
“This Court believes that in the talcing of the lease in this case by Mr. Collins, which set out the names of 9 possible owners and which was executed by five of those owners, and which contained a counterpart clause, which is often contained in similar instruments, which would enable the recordation of additional instruments affecting the undivided ownership of those who did not sign, the taking of the lease in that manner, presenting it to the owners, and the recordation of the lease in the Conveyance Records of Cameron Parish by the lessee, Mr. Collins, did not involve any improper action on his part or any tortious invasion of privacy of any owners of this property. The lease itself, as shown on the Conveyance Records of Cameron Parish, rather than showing any invasion of the privacy of those who did not sign, shows that those parties did not sign. The lease evidences the fact that it is not a lease from those who did not sign, * * * the lease itself is evidence of the 'fact that- it was not granted by certain of the parties named in the caption of the lease, and to that extent was not an invasion of the privacy of the parties, particularly in view of the *555 counterpart clause, which it is usual to use in connection with obtaining leases from several parties. Even though these parties may have been previously contacted and refused to sign the particular lease, and others elected to sign it, their co-owners, the document in itself, or the recordation of it in the form in which it was, does not, in the opinion of the Court, constitute any tortious act by Mr. Collins. From that point on, it is shown that in the Cameron Reporter there was carried a notation of a lease by Adam Nunez et al. to O. B. Collins affecting this land, and that apparently, according to the affidavit, was so noted by an employee of an abstract company. Whether or not that constituted any tortious liability is not before this Court at this time, but it is not the fault of Mr. Collins, if anyone, including any employee of an abstractor or anyone else, who seeks to determine what the records show, looks at a document which shows something else and reports that it shows something to the contrary. It is not, in the opinion of the Court, Mr. Collins’ fault if someone looked at that lease and reported that a lease was granted to Mr. Collins by the plaintiffs in this case.”
We are of the opinion that the trial court’s reasons were correct in granting the summary judgment.
As to the many cases cited by appellants in support of their position (most of which are distinguishable in their facts from the facts before us), the case of Charrier v. Greenlaw Trust & Tractor Co., 2 La.App. 622, clearly states what must be looked to when examining records and abstracting titles:
“We think the force and effect of the records must depend on themselves and not on whether parties consult them or not. Without consultation they are binding for what they show. They should not be binding for what they do not show.”
The recorded lease in question shows that the tract of land is owned in indivisión by nine co-owners. It concludes that five of the nine co-owners granted a mineral lease on their undivided shares to the defendant. Other than showing who the remaining four co-owners are, it plainly indicates their undivided interests are not bound by this lease.
As was said in Hasslocher v. Recknagel, Ct.App. 2 Cir., 160 So.2d 421, citing from an earlier case of Brown v. Johnson, La.App. 2 Cir., 11 So.2d 713:
“ ‘It is also the law that all persons have constructive notice of the existence and contents of a recorded instrument affecting immovable property (United Gas Public Service Company v. Roy et al., La.App., 147 So. 705); and where such an instrument contains language that fairly puts a purchaser on inquiry as to the’ title and he ’does not avail himself of the means and facilities at hand to obtain knowledge of the true facts he is to be considered as having bought at his own risk and peril. Breaux-Renoudet Cypress-Lumber Company v. Shadel et al., 52 La. Ann. 2094, 28 So. 292.’ ”
Defendant did what he had a legal right to do. He bought and paid for a mineral lease from five of 'the owners of an undivided tract of land and filed it for record in the proper public office.
For the foregoing reasons the judgment of the trial court is affirmed; appellant to pay the costs of these proceedings.
Affirmed.