CULPEPPER, Judge.
This is an action to annul a donation inter vivos. The plaintiff is the executrix of the succession of the donor. The defendant is the donee. From a judgment annulling the donation, the defendant-donee appealed.
The substantial issues are: (1) Did the donee accept the donation? (2) Did the trial court err in excluding parol testimony offered by defendant for the purpose of proving that the donation was remunerative rather than purely gratuitous? (3) Was the donor mentally capable of executing the donation?
The act of donation sought to be annulled is from Joe P. Rutherford as donor to his nephew, J. W. Rutherford, Jr., as donee, conveying an undivided Vw interest in 160 acres in Cameron Parish. The act is dated November 27, 1973 and was signed by the donor in the presence of Ward Fontenot, Notary Public, and two witnesses in Cameron Parish.
The form of this act of donation is not contested. Plaintiff contends, however, that the donation in null because the donee failed to accept it. The alleged acceptance is by a separate act on a separate sheet of paper.
Article 1540 of our Civil Code provides that:
“A donation inter vivos shall be binding on the donor, and shall produce effect only from the day of its being accepted in precise terms.”
“The acceptance may be made during the lifetime of the donor by a posterior and authentic act, but in that case the donation shall have effect, with regard to the donor, only from the day of his being notified of the act establishing that acceptance.”
The substantial issue is whether the donation was accepted in “precise terms” as required by Article 1540.
The alleged acceptance was, signed by the donee in Texas before Betty Rowe, Notary Public and two different witnesses and reads in pertinent part as follows:
“BE IT KNOWN, That on this date before me the undersigned Notary Public and in the presence of the undersigned competent witnesses personally came and appeared:
J. W. RUTHERFORD, JR., husband of Patricia Clement Rutherford, of full age of majority, a resident of Montgomery County, Texas,
who declared that he has taken cognizance of the Act of Donation by JOE P. RUTHERFORD, passed before Betty Rowe, Notary Public, dated November 28, 1973, of certain property fully described in said Act, and he accepts said Donation with gratitude.
“THUS DONE AND PASSED at Conroe, Texas, on this 28th day of November, 1973, in the presence of the undersigned competent witnesses and me, Notary Public.” (Emphasis supplied)
Two discrepancies between the November 27 act of donation and this purported acceptance' are immediately apparent. First, the acceptance recites that the donation being accepted was passed before Betty Rowe, Notary Public. The subject act of donation, however, was passed before Ward Fontenot, Notary Public. Second, the acceptance recites that the donation being accepted was dated November 28, 1973. The subject act of donation was dated November 27, 1973. In addition, the acceptance fails to describe the property which was the subject of the November 27 donation. Under these circumstances, we cannot conclude that defendant has accepted the subject donation in “precise terms” as required by Article 1540.
The donation inter vivos is not based on the mere consent of the parties. Our Code requires these formalities: (1) Both the donation and the acceptance must be by authentic act. (2) The acceptance must be in “precise terms”. LSA — C.C. Articles 1536,1538 and 1540; see also 3 Planiol, Civil Law Treatise, Section 2563 (11th Ed. 1938). We are concerned in this case with the second formality — the requirement of acceptance in “precise terms”.
*322 To determine the meaning of the phrase “accepted in precise terms”, Article 1540 can be read in pari materia with Civil Code Article 1805. Article 1805 is included in our Code under the heading “Of the Consent Necessary to Give Validity to a Contract”, and reads as follows:
“The acceptance to form a contract must be in all things conformable to the offer; any condition or limitation contained in the acceptance of that which forms a matter of the offering, gives him, who makes the offer, the right to withdraw it.” (emphasis supplied)
By using the phrase “accepted in precise terms”, we believe the redactors intended that the acceptance of a donation inter vivos, like the acceptance of an offer, conform in all respects to the content of the donation. As we previously pointed out, the purported act of acceptance in the present case does not conform in all respects to the donation. In fact, the two acts differ so substantially that we cannot assume that there is any relation at all between them. Therefore, the act of donation cannot be given effect.
We found no cases interpreting the requirement of “precise acceptance” in a fact situation even remotely similar to the one presented in the present case. In Duplessis v. Kennedy, 6 La. 231, 235 (1834), however, the court offered the following brief explanation of the requirement:
“The acceptance to bind a donor must be made in precise terms, and binding form of expression, which shows that the parties understood each other as to the thing given, * * *.
In the present case, of course, the thing given does not appear to be the thing accepted.
In other cases, the courts have recognized the severity of the requirement of acceptance in precise terms and have shown no reluctance to strictly enforce the provision. See In re Mora’s Estate, 51 La.Ann. 316, 25 So. 123 (1899); Gabert v. St. Tammany Yacht Club, 166 La. 57, 116 So. 667, 669 (1928); and Wood v. Martin, 2 So.2d 665, 668 (La.App. 2d Cir. 1941).
Article 1540 compels the donee to do more than make a good faith attempt to accept the donation. He must accept in precise terms. This is a formality, as is the requirement that the act be in authentic form. Excuses for noncompliance with formalities are irrelevant and are generally inadmissible as parol evidence. Therefore, the defects in the donee’s acceptance are not cured by the assertion that the document was intended to be an acceptance of the November 27 donation.
If we were to hold otherwise, we would be creating an exception to the express rule that the donation must be accepted in precise terms.
We realize that this is a strict and technical application of the rule of Article 1540. We feel, however, that the redactors of the Code intended that the courts strictly scrutinize donations inter vivos because they are irrevocable and tend to impoverish the donor’s family. See Packwood v. Dorsey, 6 Rob. 329 (1844).
Customarily, the formal requirement of precise acceptance is simply and efficiently accomplished by including words of acceptance in the same instrument as the act of donation. See Oppenheim, The Donation Inter Vivos, 43 Tul.L.Rev. 729, 739 (1969); 3 Planiol, Civil Law Treatise, Section 2563 (11th Ed. 1938). The widespread use of this sensible technique may explain the absence of jurisprudence interpreting the requirement of precise acceptance as it relates to the facts of this case.
At trial, defendant attempted to introduce evidence for the purpose of showing that the donor intended the November 27, 1973 donation to be remunerative rather than púrely gratuitous. The trial court excluded this evidence on the grounds that parol testimony could not be used to modify the terms of an authentic act.
Defendant argues that this parol testimony is admissible because it is necessary to clarify ambiguity surrounding the intent of the donor. The words used in the act of donation, however, are not ambigú *323 ous. In the act of donation the donor states that the gift is made “in consideration of the love and affection which he bears for his nephew.” By this language the donor clearly demonstrated that his gift was purely gratuitous. The act of donation makes no mention, either express or implied, that the donation was made as recompense for past services.
We considered a similar situation in Mobley v. Lee, 318 So.2d 631 (La.App. 3rd Cir. 1975). In Mobley, it was argued that the following phrase in an act of donation by an aunt to her niece created ambiguity as to whether the donation was intended to be onerous or purely gratuitous:
“ * * * that in consideration of the love and affection which she bears for her niece * * * and for her personal care, she does * * * donate and deliver unto her said niece the following described property * * (emphasis added)
We concluded that the clause “for her personal care”, when considered with the donation and acceptance as a whole showed that the donor’s intent was to give the property to her niece for the niece’s care and not as remuneration for care rendered by the niece to her aunt.
We conclude, therefore, that the trial judge did not err in the present case by refusing to admit parol testimony where the intent of the donor was clearly and unambiguously reflected by the language of the authentic act of donation.
An attorney employed by defendant prepared both the act of donation and the act of acceptance. Defendant also employed the notaries who completed each act. Any ambiguity resulting from the preparation or completion of these instruments must be resolved against the defendant-do-nee and in favor of the plaintiff. Housing Authority of City of Lafayette v. Fidelity & Deposit Company of Maryland, Inc., 309 So.2d 920 (La.App. 3rd Cir. 1975), writ refused, 313 So.2d 826 (La.1975).
The overwhelming majority of the evidence introduced at the trial of this case concerns the donor’s mental condition at the time he executed the donation. The issue is close, but the trial judge found the donor competent. Having determined that the donation fails for lack of a precise acceptance, we need not consider the mental capacity of the donor.
For the reasons assigned, the judgment of the trial court is affirmed. All costs of this appeal are assessed against defendant-appellant.
AFFIRMED.
GUIDRY, J., dissents and assigns written reasons.
Before CULPEPPER, DOMENGEAUX and GUIDRY, JJ.