346 So.2d 669 (1977)
Elizabeth RUTHERFORD, Executrix of the Succession of Joe P. Rutherford
v.
J. W. RUTHERFORD, Jr.
No. 58943.
Supreme Court of Louisiana.
May 16, 1977.
Rehearing Denied June 17, 1977.
*670 David A. Fraser, Brame, Bergstedt & Brame, Lake Charles, for defendant-applicant.
Jerry G. Jones, Jones, Jones & Alexander, Cameron, for plaintiff-respondent.
SANDERS, Chief Justice.
The executrix of the donor's succession brought suit against the donee to annul an inter vivos donation on the ground that there was an invalid acceptance. The district court annulled the donation. The Court of Appeal affirmed. La.App., 338 So.2d 319 (1976). We granted writs to review this judgment. La., 341 So.2d 409 (1977). We reverse the judgment and sustain the donation.
On November 27, 1973, Joe P. Rutherford donated an undivided 1/16th interest in certain Cameron Parish property to J. W. Rutherford, Jr., his nephew. He gave the land "in consideration of the love and affection which he [bore] for his nephew. . ." A Jennings, Louisiana, law firm drafted the donation. H. Ward Fontenot, a Notary Public, passed the act in the presence of two witnesses.
On November 28, 1973, J. W. Rutherford, Jr., accepted his uncle's donation by authentic act. This acceptance recited in pertinent part:
"BE IT KNOWN, that on this date before me the undersigned Notary Public and in the presence of the undersigned competent witnesses personally came and appeared:
J. W. RUTHERFORD, JR. . . . who declared that he has taken cognizance of the Act of Donation by JOE P. RUTHERFORD, passed before Betty Rowe, Notary Public, dated November 28, 1973, of certain property fully described in said Act, and he accepts said Donation with gratitude.
"THUS DONE AND PASSED AT Conroe, Texas, on this 28th day of November, 1973, in the presence of the undersigned competent witnesses and me, Notary Public.
 /s/ J. W. Rutherford, Jr.
 /s/ Betty Rowe
 Notary Public, Montgomery
 County, Texas."
Two persons witnessed the execution of this act. The Jennings law firm, which had prepared the donation, also drafted the acceptance.
When the donee presented the drafted acceptance to Betty Rowe, the Texas Notary Public, for notarial execution, the act of donation was attached. After execution of the acceptance, donee's father filed both authentic acts for recordation on the same date, February 25, 1974. The Clerk of Court's office assigned both acts the same *671 file number and recorded them simultaneously in the conveyance book on February 28, 1974.
The donor died on March 8, 1974.
The executrix alleges that the donee failed to accept the donation in "precise terms," as required by Article 1540 of the Louisiana Civil Code. For support she points to the clause indicating that Betty Rowe (the Notary Public for the acceptance) was the Notary Public for the donation, the recital that November 28, 1973 (the date of the acceptance) was the date of the donation, and the absence of the property's description. Further, she contends that this authentic act was an acceptance of a completely different donation.
Louisiana Civil Code Article 1540 provides:
"A donation inter vivos shall be binding on the donor, and shall produce effect only from the day of its being accepted in precise terms.

"The acceptance may be made during the lifetime of the donor by a posterior and authentic act, but in that case the donation shall have effect, with regard to the donor, only from the day of his being notified of the act establishing that acceptance." [Emphasis supplied.]
The issue presented is whether the donee's acceptance fulfills the condition that an acceptance be in "precise terms."
Article 1540 is derived from Code Napoleon Article 932 (1804). It first appeared as Article 54 of the Louisiana Civil Code of 1808 and later as Article 1527 of the Louisiana Civil Code of 1825. The French text of these articles provides that the acceptance be in "termes expres."
Article 1541's source, Louisiana Civil Code Article 1528 (1825), contains the identical French phrase.[1] However, there the phrase has been translated as "express terms." Article 1541 states:
"Yet, if the donation has been executed, that is, if the donee has been put by the donor into corporeal possession of the effects given, the donation, though not accepted in express terms, has full effect." [Emphasis supplied.]
Articles 1540 and 1541 are in pari materia. One requires an acceptance in "termes expres," and the other deals with exceptional effect of the absence of an acceptance in "termes expres." Therefore, we construe them together. LSA-C.C. Art. 17. As a discrepancy exists between the English translations in these consecutive articles, the definition of the French phrase is helpful in determining the import of an acceptance in "precise terms." In proper context, "termes" means wording, terms, expression. "Expres" means express, precise, formal, positive, distinct, explicit, clear. Part 1, Volumes I and II; Harrap's New Standard French and English Dictionary; ed. by J. Mansion; rev. and ed. by R. Ledesert and M. Ledesert; 1972; The New Cassell's French Dictionary; rev. by D. Girard; 1971.
In considering an acceptance in "precise terms," this Court has used such terminology as "express acceptance" and "formal acceptance." See Works v. Noble, 177 La. 681, 149 So. 423 (1933); Gabert v. St. Tammany Yacht Club, 166 La. 57, 116 So. 667 (1928); In re Mora's Estate, 51 La.Ann. 316, 25 So. 123 (1899); Packwood v. Dorsey, 6 Rob. 329 (1844); Comment, Louisiana's Approach to Gratuitous Inter Vivos Dispositions, 22 Loy.L.Rev. 743,576, n. 62.
We hold that the requirement that a donee accept the donation in "precise terms" obligates a donee to use express, formal, and unconditional language in his acceptance. This codal provision, we think, requires an explicit acceptance. A tacit acceptance or an acceptance inferred from the circumstances will not suffice.
Planiol's interpretation of Article 932 of the Code Napoleon (1804) (Art. 1540) supports our conclusion. In his treatise, he states:

*672 "Formality of Acceptance
"Donation is a contract and it naturally presupposes the consent of the donee. He must accept what is offered to him. This acceptance can not be expressed in just any manner: it must be formal, that means (1) express, and (2) notarized.
"EXPRESS FORM. Art. 932 [Art. 1540] requires that the donation be accepted `expressly.' In ordinary contracts, the acceptance can be tacit, inferred from the circumstances such as the party's presence during the transaction and his signature. In case of donation, the statute requires a specific mention of the acceptance. No ritual words have to be used. The term `accept' can be replaced by other terms. Actually the simplest way is to say that the donation is `made to such-and-such person, who accepts it.'
"NOTARIAL FORM. Because the acceptance is an essential element of the contract, it must be in the same form as the offer, that means in a notarial instrument, filed with the notary (Arts. 931, 932, par. 2 [Arts. 1536, 1540, par. 2]). Only those cases in which a donation can be made without a notarial instrument are excepted."
Vol. 3, Par. 2; M. Planiol, Treatise On The Civil Law; §§ 2562-2563; p. 255 (11th ed. Louisiana State Law Institute transl. 1938).
Here the act of acceptance states that the donee "accepts said Donation with gratitude." We conclude that these words of acceptance conform with Article 1540's requirement that the acceptance be in "precise terms."
In addition, we find that Article 1540's mandate that the donor receive notice of the acceptance has been satisfied. The acceptance was filed and recorded prior to the donor's death. This recordation notified the world of the donee's acceptance. See LSA-R.S. 9:2721; Wells v. Joseph, 234 La. 780, 101 So.2d 667 (1958); Nunez v. Collins, La.App., 180 So.2d 553 (1965).
The errors in the descriptive portion of the acceptance are inconsequential to the validity of the donation. The Notary Public who passed the acceptance inadvertently inserted her own name and the date of the acceptance into the blanks provided for the name of the Notary Public who passed the donation and the date of the donation. There can be no doubt, however, as to which donation the acceptance referred. The names of the donor and donee are correctly given, and the donor made only one inter vivos donation to his nephew.
Similarly, the failure of the acceptance instrument to describe the property donated is insignificant. Both instruments were recorded together and bear the same file number. Moreover, the acceptance refers to the donation for the property description. See Lee v. Long, 166 La. 1084, 118 So. 320 (1928).
The record contradicts the executrix's final contention that the donee accepted a different donation. Joe P. Rutherford made only one donation to his nephew during his lifetime. Hence, by the act in question, J. W. Rutherford, Jr., accepted his uncle's donation of an undivided interest in the Cameron Parish property.
For the reasons assigned, the judgment of the Court of Appeal is reversed. Judgment is rendered in favor of the defendant, J. W. Rutherford, Jr., and against the plaintiff, Elizabeth Rutherford, dismissing plaintiff's suit. All costs are assessed against the plaintiff.
NOTES
[1] There is no article corresponding to Article 1541 either in the Code Napoleon (1804) or the Louisiana Civil Code of 1808.