393 So.2d 130 (1980)
Elouise KELLY
v.
NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY (Odile Young Jackson et al., Intervenors).
The NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY
v.
Elouise KELLY et al.
The UNION LABOR LIFE INSURANCE COMPANY
v.
Honorable J. Gerald DUPONT, Clerk of Court, Elouise Kelly and Odile Young Jackson.
Nos. 13489-13491.
Court of Appeal of Louisiana, First Circuit.
November 10, 1980.
Patrick W. Pendley, Freeman & Pendley, Ltd., Plaquemine, for plaintiff-appellee Elouise Kelly.
Robert J. Prejeant, Watkins, Watkins & Walker, Houma, for defendant-appellee National Life & Acc. Ins. Co.
*131 Walton J. Barnes, Baton Rouge, for intervenors-appellants Odile Young Jackson et al.
George F. McCartney, New York City, for plaintiff-appellee The Union Labor Life Ins. Co.
Before COVINGTON, CHIASSON and LEAR, JJ.
LEAR, Judge.
By these consolidated appeals, appellants entreat this court to reconsider and overrule a doctrine of long standing: That our civil codal articles relating to donations inter vivos and mortis causa have no application to life insurance policies. For the reasons hereinafter assigned, we conclude that our task is foreclosed by our Supreme Court's decision in Sizeler v. Sizeler, 170 La. 128, 127 So. 388 (La.1930), and we, therefore, affirm.
Levy Jackson married Odile Young and of this marriage five children were born, namely, Evelyn Jackson Hilliard, Rosalie Jackson Morgan, Barbara Jackson, Rubie Jackson and Amanda Jackson. Levy Jackson died insolvent on January 27, 1978. The children and their mother are made defendants herein in three actions. The first is filed by Elouise Kelly who sues the National Life Insurance Company and these defendants claiming entitlement to the proceeds of a life insurance policy issued on the life of Levy Jackson and which named her as beneficiary. She is alleged to be decedent's concubine. The second and third actions are concursus proceedings convoked by the National Life and Accident Insurance Company and the Union Labor Life Insurance Company. Both issued policies on the life of Levy Jackson. All of the parties named above were impleaded as defendants, including Elouise Kelly, the named beneficiary on both policies. Walton J. Barnes, the attorney for the surviving spouse and heirs of decedent, intervened in the proceedings in his own behalf seeking a portion of the proceeds of the Union Labor Life Insurance policy. His claim is based on the contention, apparently not here disputed, that his efforts, alone, are responsible for the discovery of the Union Labor policy; that he thereby is entitled to receive under the "fund doctrine."[1]
The lower court, after a full evidentiary hearing, awarded the proceeds of both policies to Elouise Kelly as named beneficiary, subject, however, to the claims of decedent's widow for $37.25 and $21.60 representing one-half (½) of the policy premiums paid by the decedent with community funds. The widow and children and the attorney-intervenor have perfected these appeals.[2]
Appellants first argue that the trial court erred in authorizing the disposition of community property in fraud of the rights of the surviving spouse and in avoidance of the rights of forced heirs. Alternatively, they argue that the trial court erred in allowing the alleged concubine to receive proceeds constituting the whole of decedent's estate in contravention of the provisions of LSA-C.C. article 1481.[3]
There is no question but that we are solely concerned with the disposition of the proceeds of a life insurance policy, which proceeds are made payable to a named beneficiary, not the estate of the decedent. In this regard, the jurisprudential rule is clearly articulated in Sizeler v. Sizeler, supra, and fits herein on all fours. In Sizeler, an uncle married his niece in the State of *132 Rhode Island under a statute which permitted marriage among persons of the Jewish faith within the degrees of affinity or consanguinity allowed by their religion. Sizeler's children filed suit upon his death claiming that the marriage was null and void and that he and his wife were in fact residents of the State of Louisiana at the time of the said marriage. The lower court held that the marriage was null and void and that the "wife" was in fact a mere concubine and, therefore, incapable of receiving the entire insurance proceeds. The lower court further held that the policies of life insurance were donations mortis causa made in violation of article 1481 of the Civil Code. The Supreme Court, per Justice Land, reversed. In so doing, the court expressly overruled its prior decision in New York Life Insurance Co. v. Neal, 114 La. 652, 38 So. 485 (La.1905). Sizeler stands, therefore, for the proposition that life insurance proceeds, unless so designated, form no part of the estate of the deceased, but inure directly to the named beneficiary. Defendants-appellants' contentions are, therefore, without merit.
Finally, intervenor-appellant, Barnes, argues that because of his discovery of the existence of a policy of insurance (Union Labor) not known to either the named beneficiaries or the surviving spouse and children, he is entitled to a one-third portion of the proceeds of that policy notwithstanding to whom the proceeds are adjudicated. He cites in support thereof inter alia In Re Interstate Trust & Banking Company, 235 La. 825, 106 So.2d 276 (La.1958). The authorities cited are clearly inapplicable. Intervenor-appellant is postured throughout these proceedings as an adversarial entity vis-a-vis the interests of Elouise Kelly. His talents and efforts were both employed and deployed to disqualify her as a beneficiary or at least to substantially reduce any amount received by her. Since she is the sole prevailing party in these proceedings, he may not now be heard and supported in any assertion that he is entitled to one-third of the proceeds paid by the Union Labor Life Insurance Company to plaintiff-appellee.
For the foregoing reasons, the judgments of the lower court are affirmed at the costs of appellants.
AFFIRMED.
NOTES
[1] Re Interstate Trust & Banking Company, 235 La. 825, 106 So.2d 276 (1958).
[2] Elouise Kelly, appellee, by brief, asks that the judgments be amended to award her the full amount, rather than allowing the widow to recover one-half of the amount of the premiums paid on the policies. However, since she neither appealed nor answered the appeal, her request cannot be considered.
[3] "Those who have lived together in open concubinage are respectively incapable of making to each other, whether inter vivos or mortis causa, any donation of immovables; and if they make a donation of movables, it can not exceed one-tenth part of the whole value of their estate.

"Those who afterwards marry are excepted from this rule."