ON APPLICATION FOR REHEARING
PER CURIAM.
In our recently rendered opinion affirming the district court’s judgment in this matter, we omitted discussion of appellant’s second assignment of error. In her application for rehearing, she again urges that her donation of rights, title, and interest in the proceeds of two life insurance policies “was, at most, an offer which was withdrawn before acceptance.”
La.Civ.Code art. 1540 provides in pertinent part: “A donation inter vivos shall be binding on the donor, and shall produce effect only from the day of its being accepted in precise terms.” Appellant argues that the express, formal, and unconditional language of acceptance, required by the jurisprudence, is lacking. See Rutherford v. Rutherford, 346 So.2d 669 (La.1977).
Unlike Rutherford and other cases interpreting article 1540, this case involves one authentic act by which property was gratuitously transferred. The one act contains unequivocal language evidencing both donative and acceptive intent. The terms are precise. The donors and the donee all signed. The act is clearly not a mere offer, but rather a complete contract. That ap-pellee has already taken possession of most of the described proceeds furthers our conviction that the authentic act qualifies as both a donation and as a valid acceptance.
For the above and foregoing reasons, we reaffirm our original opinion affirming the judgment of the trial court at defendant-appellant’s cost.
AFFIRMED.
KING, J., dissents and concurs.