KING, Judge,
dissenting and concurring.
I dissent from the per curiam of the majority finding that the notarial act of donation, transfer, and assignment of life insurance policies was an act of donation accepted in accordance with law. I do not believe the act of donation was accepted as required by law, see LSA-C.C. Art. 1540 and Rutherford v. Rutherford, 346 So.2d 669 (La.1977), as there was no acceptance in precise terms by the donee, Wordner Guillory Castille.
However, I do not find that it is necessary for us to reach the question of whether or not the authentic act of donation, transfer, and assignment was accepted, as the law requires, before such donation was revoked.
Under Louisiana law, a life insurance policy is a contract sui generis governed by rules peculiar to itself. Catalano v. United States, 429 F.2d 1058 (U.S.Ct. of App. 5th Cir.1969). Louisiana Civil Code articles relating to donations, inter vivos and mor-tis causa, have no application to life insurance policies and no particular form is required to evidence a donation of a life insurance policy. LSA-R.S. 22:1527; Kelly v. Nat. Life and Ace. Ins. Co., 393 So.2d *459 130 (La.App. 1st Cir.1980); Sizeler v. Sizeler, 170 La. 128, 127 So. 388 (1930); Catalano v. United States, 293 F.Supp. 1300 (U.S.Dist.Ct.E.D.La.1968).
I believe that the notarial act, signed at the same time by the donors and donee, was a valid donation, transfer, and assignment, pursuant to LSA-R.S. 22:1527, by which Fonda Hackett Castille and Wanda Nesom transferred to Wordna Guillory Castille all of the right, title, and interest that they had or might have in the State Mutual Life Assurance insurance policy on the life of Ray Allen Castille, Jr. I further believe that the donation of the life insurance policies was effective at the time the notarial act was executed since no particular form is required to donate, transfer, or assign a life insurance policy as it is sui generis under Louisiana law.
For this reason I concur in the result reached by the per curiam of the majority, that is, that the notarial act was sufficient to donate the insurance policy in question.