STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1054

JOHN WAYNE BETTS

VERSUS

RICHARD HOFFMAN, MARGARET HOFFMAN,
CHERYL McENDREE, AND JAMES HOFFMAN

**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, DOCKET NO. C-2007-0045-B
HONORABLE HERMAN I. STEWART, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Oswald A. Decuir, Michael G. Sullivan, and James T. Genovese, Judges.

AFFIRMED.

Scott Westerchil
101 South 1st Street
Leesville, Louisiana 71446
(337) 239-9076
COUNSEL FOR PLAINTIFF/APPELLANT:
    John Wayne Betts

Leslie R. Leavoy, Jr.
Post Office Box 1055
DeRidder, Louisiana 70634
(337) 462-6051
COUNSEL FOR DEFENDANTS/APPELLEES:
    Richard Hoffman, Margaret Hoffman,
    Cheryl McEndree, and James Hoffman

**GENOVESE, Judge.**

Plaintiff-Appellant, John Wayne Betts (Mr. Betts), filed a Rule to Evict Tenants against Richard Hoffman, Margaret Hoffman, Cheryl McEndree, and James Hoffman (Defendants). Defendants filed Exceptions of Misuse of Summary Process; No Right and No Cause of Action, asserting that questions of ownership existed and contending that this matter must be adjudicated as an ordinary proceeding. The trial court granted Defendants' Exception of Misuse of Summary Process and dismissed Mr. Betts's eviction proceeding. Mr. Betts appeals. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 4, 2007, Mr. Betts sent, via certified mail, a Notice to Vacate to his step-father, Richard Hoffman, his mother, Margaret Hoffman, and his step-siblings, Cheryl McEndree and James Hoffman.[1] Mr. Betts, as alleged owner, sought to evict Defendants, as occupants, from property on which he and each of the Defendants live and apparently share. On January 12, 2007, Mr. Betts filed a Rule to Evict Tenants against Defendants in the Thirty-sixth Judicial District Court, Parish of Beauregard, State of Louisiana, seeking a judgment of eviction due to Defendants' failure to vacate the property after receiving legal notice to do so. Attached to his pleading was a purported Act of Donation which Mr. Betts contends proved his ownership of the property at issue herein. The alleged donation was executed by his step-father, Richard Hoffman, and his mother, Margaret Hoffman, on February 22, 2002, in the state of Ohio. However, said donation was not accepted by Mr. Betts and not filed into the conveyance records of Beauregard Parish until December 20, 2006, over four

---

[1]The record indicates that Defendants received said certified notices on January 5, 2007.

1

years later.

On March 14, 2007, Defendants filed Exceptions of Misuse of Summary Process; No Right and No Cause of Action against Mr. Betts. In their exceptions, Defendants asserted: "Eviction is not a legal cause of action for . . . [Mr. Betts] in that he and the [D]efendants . . . have resided on the same piece of property on and off during the last ten (10) years. The actions of possession or ownership are appropriate." Defendants, specifically Richard Hoffman and Margaret Hoffman, further alleged that it was never their intention to donate the property at issue herein to Mr. Betts. Defendants also asserted that Mr. Betts "has never accepted the alleged donation which he full well knew was in fact a power of attorney so that [Mr. Betts] could deal with his mother's and step-father's property while they were hospitalized [in Ohio]. The donation was never intended to vest full ownership in the property to [Mr. Betts]."

On March 14, 2007, a hearing on the rule for eviction was held wherein the trial court found that questions of ownership did, in fact, exist; therefore, this matter could not legally "be determined in a summary proceeding." The trial court granted Defendants' Exception of Misuse of Summary Process and dismissed Mr. Betts's eviction suit.[2] Mr. Betts appeals.

**ASSIGNMENT OF ERROR**

Mr. Betts contends that the trial court erred in granting Defendants' Exception of Misuse of Summary Process which resulted in the dismissal of his eviction suit.

---

[2]Though Defendants' exception is labeled "Exception of Misuse of Summary Process," said exception is actually a "Dilatory Exception of Unauthorized Use of Summary Proceeding" as set forth in La.Civ.Code art. 926(A)(3) and will be addressed accordingly. The trial court did not rule on Defendants' Peremptory Exceptions of No Right of Action and No Cause of Action.

2

## STANDARD OF REVIEW

The standard of appellate review of factual findings in a civil action is the manifest error/clearly wrong standard, and factual findings should not be reversed absent manifest error or unless they are clearly wrong. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). If the trial court's findings are reasonable in light of the record reviewed in its entirety, the reviewing court may not reverse. *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106 (La.1990). Consequently, when there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous. *Id*.

*Moncrief v. Succession of Armstrong*, 05-1584, p. 10 (La.App. 3 Cir. 9/27/06), 939 So.2d 714, 720.

## LAW AND DISCUSSION

Mr. Betts claims that he acquired ownership of the property at issue herein pursuant to a donation from Richard and Margaret Hoffman in 2002. Mr. Betts contends that he, as the property's owner, was legally entitled to evict Defendants, who were occupants,[3] pursuant to the summary process provisions of La.Code Civ.P. art. 4701, *et seq*.

Mr. Betts asserts that the form of the Act of Donation complied with La.Civ.Code art. 1536 which provides: "An act shall be passed before a notary public and two witnesses of every donation inter vivos of immovable property or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity." Mr. Betts also contends that the donation was legally binding upon his acceptance and subsequent filing of the Act of Donation into the conveyance records of Beauregard

---

[3]According to La.Code Civ.P. art. 4704, the definition of "'[o]ccupant' includes a sharecropper; half hand; day laborer; former owner; and any person occupying immovable property by permission or accommodation of the owner, former owner, or another occupant, except a mineral lessee, owner of a mineral servitude, or a lessee of the owner[.]"

Parish (four years later) on December 20, 2006. *See* La.Code Civ.P. art. 1540[4] and La.Code Civ.P. art. 1554.[5] In his brief, Mr. Betts cites *Rutherford v. Rutherford*, 346 So.2d 669 (La.1977), in support of his argument that the donation is legally binding according to the terms of La.Code Civ.P. art. 1540, claiming that "notice of acceptance is effective upon the donors upon recordation of the instrument in the records of the Office of the Clerk of Court in which the property is situated." Finally, Mr. Betts argues that Defendants' Exception of Misuse of Summary Process made no specific allegation of fraud; therefore, the trial court improperly considered parole evidence which led to its erroneous decision. According to Mr. Betts, the trial court "should have excluded any mention or consideration of parole evidence in making a decision on [Defendants'] Exception of Misuse of Summary Proceedings"; and, since it did not, the trial court's grant of Defendants' dilatory exception and its dismissal of Mr. Betts's eviction suit against Defendants should, therefore, be reversed.

Defendants assert that the trial court's judgment was proper considering their assertion that issues relative to ownership were existent. In brief, Defendants, specifically Richard and Margaret Hoffman, contend that it was never their intention

---

[4]Louisiana Code of Civil Procedure Article 1540 provides:

> A donation inter vivos shall be binding on the donor, and shall produce effect only from the day of its being accepted in precise terms.

> The acceptance may be made during the lifetime of the donor by a posterior and authentic act, but in that case the donation shall have effect, with regard to the donor, only from the day of his being notified of the act establishing that acceptance.

[5]Louisiana Code of Civil Procedure Article 1554 provides:

> When the donation affects an immovable or rights thereto, the act of donation, as well as the act of acceptance, whether the acceptance be made by the same or a separate act, must be filed for registry in the conveyance records of the parish in which the immovable is located.

to donate the property at issue herein to Mr. Betts. Instead, they allege that it was their intention to grant to Mr. Betts a power of attorney so that Mr. Betts could "take care of their property in Beauregard Parish" while they "were ill, and [were] hospitalized, and were being taken care of by relatives in Ohio." These assertions were set forth in their exception, and Defendants argue that the trial court's reliance upon their implications of fraud[6] in order to grant judgment in their favor was not error. We agree.

Louisiana Civil Code Article 1848 (emphasis added) provides

> Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, *in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent*, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement.

We find that Defendants' allegations meet the threshold for the trial court's consideration of parol evidence.

> The vices of consent are error, fraud, and duress. La.Civ.Code art. 1948. Our jurisprudence has also recognized that parol evidence is admissible between the contracting parties: (1) to prove fraud, mistake, want or failure of consideration, and illegality; (2) to explain an ambiguity when such explanation is consistent with the written terms; or (3) to show that the writing is only a part of an entire oral contract between the parties. *Scafidi v. Johnson*, 420 So.2d 1113 (La.1982).

*Myles v. Consol. Cos., Inc.*, 05-192, p. 5 (La.App. 3 Cir. 6/1/05), 906 So.2d 677, 681, *writ denied*, 05-2245 (La. 2/17/06), 924 So.2d 1019.

We find Mr. Betts's reliance upon *Rutherford* misplaced. *Rutherford* dealt with the issue of whether the donee's acceptance was valid. Contrary to his assertions, the issue in the case at bar is not whether Mr. Betts's acceptance was valid; rather, the

---

[6]Louisiana Civil Code Article 1948 provides, "Consent may be vitiated by error, fraud, or duress."

5

issue is whether the donation, as a whole, is valid. Defendants allege that a necessary element to the donation at issue herein, the donors' intent, was lacking. Further, Defendants' implications are such that the purported Act of Donation was procured by Mr. Betts through fraud, an element which vitiates consent. *See* La.Civ.Code art. 1948. Therefore, pursuant to the discretion afforded by La.Civ.Code art. 1848, we do not find error with the trial court's consideration of Defendants' implication that it was not their intent to effectuate a donation to Mr. Betts.

Ordinary proceedings require the use of four types of pleadings: petitions, exceptions, written motions, and answers. *See* La.Code Civ.P. art. 852. "Summary proceedings are those which are conducted with rapidity, within the delays allowed by the court, and without citation and the observance of all the formalities required in ordinary proceedings." La.Code Civ.P. art. 2591.

An eviction is a summary proceeding. A challenge to a donation requires the formalities of an ordinary civil proceeding. Because there was a challenge to Mr. Betts's ownership of the property on the basis that Defendants did not intend to donate the property, the trial court concluded that fraud, or ill practices, asperse the purported donation. Therefore, the legal issues of whether or not Mr. Betts owns the property and can legally evict Defendants effectively remove this matter from a summary proceeding and rightfully relegate it to an ordinary proceeding. We find a reasonable factual basis in the record for the trial court's decision to render judgment dismissing Mr. Betts's eviction suit. Consequently, we find no manifest error by the trial court. The trial court's grant of Defendants' Exception of Misuse of Summary Process and its dismissal of Mr. Betts's eviction suit are therefore affirmed in all respects.

6

**DECREE**

For the foregoing reasons, we affirm the trial court's grant of Defendants' Exception of Misuse of Summary Process and its dismissal of Mr. Betts's Rule to Evict Tenants. Plaintiff-Appellant, John Wayne Betts, is assessed with all costs of this appeal.

**AFFIRMED.**